Yates, J.,
delivered the opinion of the court. The statement of the defendant, that he and the testator had settled, and that he had paid him all hut 75 dollars, is an acknowledgment of the debt. In Johnson v. Beardslee, (15 Johns. Rep. 4.) this court decided, that an acknowledgment of the debt is evidence sufficient for the jury to presume a new promise, w7hen, as in this case, it w7as not accompanied with a protestation against paying it. The motion for a nonsuit was, therefore, correctly overruled, (a)
But the testimony offered to prove the amount claimed as a set-off, ought not to have been rejected, on the ground of the statute of limitations, when it was accompanied with a new promise on the part of the executor to pay. Though the facts offered to be proved, do not state the promise of the plaintiff, as executor, &c., to have been made within six years, we have a right to infer that it was so understood at the time, as- the ground on which the court overruled the testimony is stated to have been, because it did not appear, by the notice annexed to the plea, that the defendant intended to rely on the new promise. It might as well be said, that in a declaration on a note of hand, where the suit, is commenced six years after the date of the note, an averment of a promise within that period would be necessary. And it is no more necessary for the notice to contain an averment that the defendant relied on the new promise. He relied on the debt due from the plaintiffs testator, which had been assigned to him, as a proper subject of set-off, and was prepared to meet the objection to it, arising #from the statute of lirnita-tions, by proving a promise on the part of the executor to pay it, which could not be the case without an express reference to the original debt.
The notice annexed to the plea is not in the record or case ; but it seems to have been admitted on the trial, that it would have been sufficient if it had stated that the defendant intended to rely on the new7 promise. It must., therefore, be taken for granted, that it contained the original debt due Martin and Hawley, and the assignment of it to the defendant, previous to the death of the testator and to the commencement of the suit.
That an account thus assigned is deemed a proper subject: of set-off, is now well settled. The broad principle laid down *263 in Tuttle v. Bebee, (8 Johns. Rep. 152.) clearly embraces it. But as no objection was made to it on this ground at the trial, Abe question is not now before us. For the reasons before mentioned, the judgment must be reversed, and a venire de novo issue, returnable at the next Washington county circuit.
Judgment reversed.

 Vide Bradley v. Field, 3 Wendell’s Rep. 272. Doshout v. Thompson, 20 Johns. Rep. 277. Bryar v. Wilcocks, 3 Cowen, 159. Clark v. Dutcher, 9 Cowen, 674. Schermerhorn v. Schermerhorn, 5 Wendell’s Rep. 513.