WRIGHT, J.
The first, third and fourth counts of the declaration are upon special assumpsits, and the only question is, whether the *eonsideration discloses a legal foundation for the undertaking [435 to pay. It is objected to the recovery, that there is no privity of contract in the parties, the note not being negotiable; that the plaintiff was only an equitable, not a legal holder. As to the second and fourth counts, it is insisted that the consideration is past and executed, and that no notice to the defendant is averred.
I see no want of privity; if the counts were upon a note not negotiated or not negotiable, there would be a want of privity; but the plaintiff does not declare on the note; he describes its existence and the equitable right in him, as a meritorious consideration of the promise. Is it not so ? Courts of law will recognize and protect the rights of equitable assignees of choses in action; 8 John. 154; 17 John. 330; 1 T. R. 622; 1 Bl. Rep. 1269; 1 Caines 362. In equity, Ford was the owner of this note, and of the money due. Money due in justice and equity, is indisputably good consideration for a promise to pay it. The declaration counts upon this consideration as one moving direct to the plaintiff. We have no doubt it is good in law.
As to the objection, that the consideration is past, and so is no ground for the promise, we do not see its force; the consideration is the money due, and the forbearance in the collection. If you will forbear pushing this demand for a time, I will pay you. The *446 forbearance is the consideration of the real promise, and is prospective, not past; tlie money has not been paid at all.
As to the question of notice, little need be said. You have to attain to certainty to a common intent. If one, in consideration of another’s forbearing to collect money of him, promise to pay at a given future time, may it not be presumed he had notice of the debt, for the forbearance of which he promised, and that it was unpaid. The first, third, fourth and fifth counts, therefore, are good; as to them the demurrer is not well taken; and if we should be of opinion that the second count is bad, because it attains to no certainty as to time, still, as some of the counts are good, a bad one on general demurrer will not sustain the demurrer, and it must be overruled.
Judgment for the plaintiff.