## CHARLES H. CARROLL *vs.* The FARMERS' AND MECHANICS' BANK and others.

On a motion to dissolve an injunction an affidavit is admissible, which goes to show that the injunction was irregularly issued, or that the officer allowing the injunction was misled and induced to grant the injunction contrary to law.

Where the bill seeks a discovery in aid of proceedings at law, the rule is, that the complainant must charge in his bill that the facts are known to the defendant and ought to be disclosed by him, and that the complainant is unable to prove them by other testimony; and it must be affirmatively stated in the bill that the facts sought to be discovered are material for such purpose.

The statute (R. S. 374, s. 91,) is positive and peremptory that no injunction shall be granted to restrain proceedings at law, when a cause is at issue without filing a bond in such sum as the officer allowing the injunction shall prescribe.

When an injunction is asked to stay proceedings at law, it is incumbent upon the complainant to show in his bill the state of the pleadings, and the court in which the suit is pending, in order to enable the officer to whom the application is made for the allowance of the injunction to judge of the propriety of its allowance and to prescribe the terms on which the same shall be allowed.

Courts of chancery will not sustain an injunction bill to restrain a suit or proceeding previously commenced in a court of a sister state or in any of the federal courts.

1840.<br>FirstCircuit.<br><br>Carroll<br>*vs.*<br>Farmers' and<br>Mechanics'<br>Bank.

May 20.

The bill in this case was filed to rescind a contract on the the ground of false and fraudulent representations, and for repayment of money paid, &c., and states among other things that complainant purchased of Nehemiah O. Sargeant, (since deceased,) July 28, 1836, certain property in the village of Kent, state of Michigan, for which said property complainant agreed to pay the sum of $82,000; that said sum of $83,000 was paid and received as follows: for $5,000 a draft or check at sight on the bank of Michigan in the city of Detroit, was given to said Sargeant, which was paid to him on presentation. A draft or check for $18,000 payable to the order of said Sargeant ninety days after August 1, 1836, at the Phœnix bank, in the city of New York; and for the remaining $60,000 complainant executed to said Sargeant a bond in the penalty of $120,000, conditioned to pay the said sum of $60,000 in twelve annual instalments of $5,000 each.

The bill further sets forth that there had been paid upon said purchase by complainant, the sum due at the times following,

First Circuit. to wit: in the month of December, 1837, the draft on the bank

Carroll of Michigan of $5,000; in the month of February following,

*vs.*

Farmers' and the sum of $5,216 00 on the bond; December 28, 1836, the
Mechanics'
Bank. sum of $4,942 44 was paid on the check or draft for $18,000.
That at the time of the payments aforesaid, complainant had
not discovered the falsity of many of the material parts of the
representations of said Sargeant, and was ignorant of the da-
mage which he had sustained by and through the fraud and
deceit of said Sargeant. States and charges that said check
or draft for $18,000, was, immediately on receiving the same
by said Sargeant from complainant, endorsed by said Sargeant
to John A. Welles, cashier and director of the Farmers' and
Mechanics' bank of Michigan, and that said Welles received
the same. Charges that said Sargeant was largely indebted
to the said Farmers' and Mechanics' bank. States that said
bank, or the officers thereof, received said check at first, for
collection, and that they had no interest in or title to said check
or draft before its maturity. States that a suit was commen-
ced on the check or draft after the same became due in 1838,
by said Sargeant against complainant, in the supreme court of
the state of New York; that before the trial said Sargeant
died and the suit abated. States " that since the death of said
Sargeant said Farmer's and Mechanics' bank claim to be the
owners and holders of said check or draft, and have commen-
ced and threaten to prosecute a suit thereon for their own be-
nefit against complainant." Charges that said Farmers' and
Mechanics' bank did not become the holders and owners of said
check or draft for $18,000 before its maturity for a valuable
consideration and without notice of the equities subsisting be-
tween said Sargeant and complainant. States "that the facts
of the case, so far as the claims of the Farmers' and Mecha-
nics' bank are involved, lie especially in the knowledge of the
said John A. Welles, the cashier thereof;" "that a discovery
from said John A. Welles of the various matters charged, is
necessary for the enforcement and support of the complainant's
just rights in the premises, &c.

An injunction was allowed by the Hon. C. W. Whipple, one of the associate justices of the supreme court.

A motion was made to dissolve the injunction upon the following affidavit.

*State of Michigan, Wayne County, ss.*

John A. Welles, of the city of Detroit, in the county and state aforesaid, one of the defendants in the above entitled cause, being duly sworn according to law, deposeth and saith, that from reading the bill of complaint filed in this cause, he has ascertained that the president, directors and company of the Farmers' and Mechanics' bank of Michigan and this deponent, are made parties defendants to the said complainant's bill of complaint, by reason or on account of a certain draft, bill of exchange or check drawn by the said complainant on the Phœnix bank in the city of New York, for the sum of eighteen thousand dollars, which said check or draft was payable to the order of Nehemiah O. Sargeant, ninety days after the first day of August, in the year eighteen hundred and thirty-six; and this deponent further saith, that the said check was discounted by the said Farmers' and Mechanics' bank while this deponent was present and acting as their cashier, that the amount thereof, less the discount for the time the said draft or check had to run before maturity, was paid to Nehemiah O. Sargeant at the time when the same was discounted.

And this deponent further saith, that the said check or draft was not paid at maturity, but the same was returned to said Farmers' and Mechanics' bank dishonored; that a suit has been commenced in the supreme court of the state of New York by the said bank, against the said Charles H. Carroll the complainant in this suit, for the amount due or unpaid on the said draft or check; that the said suit was put at issue previous to the first day of November, eighteen hundred and thirty-nine; that said suit so pending in said supreme court of the state of New York, was noticed for trial on or about the eleventh day of November, eighteen hundred and thirty-nine; that previous to said last mentioned day the defendant in said

First Circuit. suit at law, (the complainant in this cause,) filed his bill of complaint in the court of chancery in and for the said state of New York, against the said bank, plaintiff in the said suit at law, and Randall S. Rice, administrator of the estate of Nehemiah O. Sargeant, deceased, and obtained from said court of chancery in said state, an injunction restraining the proceedings of said bank in the said suit, on the draft or check aforesaid, as well as the said Rice, administrator of said Sargeant.

Carroll
vs.
Farmers' and
Mechanics'
Bank.

And this deponent further saith, that he examined and read the said complainant's bill of complaint so filed in the court of chancery for the state of New York, and so far as the said bill related to the said Farmers' and Mechanics' bank, it was for the prevention of the said bank from the collecting the said check, and the same allegations in substance were made against the said bank in said bill as are made in the bill of complaint in this cause against this deponent and the said bank, that upon the said injunction so granted in the state of New York, being served upon the attorney of the said bank, the said suit pending in said supreme court was continued; that immediately thereafter, or as soon as the said bank could do so, a full answer to the allegations in the bill of complaint filed in said court of chancery, was prepared and verified by the affidavit of this deponent; that upon filing the answer of said bank, a motion was made before the honorable Reuben H. Walworth, chancellor of the state of New York, for the dissolution of the injunction previously granted in said state.

And this deponent further saith, that the motion to dissolve the said injunction came on to be heard before the Chancellor of said state on the twenty-third day of April, now last past, whereupon an order was duly made, dissolving said injunction, as will more fully appear by reference to a copy of said order hereunto annexed.

And this deponent further saith, the said suit is still pending in the supreme court of the state of New York, on said check; that the defence set up by the defendant in said suit, (the complainant in this cause,) is, that the check or draft, was purchased by the said bank after it became due, or that it was ta-

ken in payment of some previous indebtedness, of said Nehe- First Circuit.
miah O. Sargeant, to the said bank; all of which allegations

Carroll
and pretences were fully and explicitly denied in the answer Farmers and
of said bank, to the bill of complaint, filed in the court of chan- *vs,* Mechanics' Bank.
cery for said state of New York.

And this deponent further saith, that he has visited the state of New York once as a witness in said cause, pending in said supreme court, and the trial was prevented by said injunction; that he has recently received notice, that the said cause is noticed for trial on the first Monday of June next, and the attendance of this deponent is requested as a witness; and this deponent saith he is fully and particularly acquainted with all the facts relative to the purchasing or discounting said draft or check, by said bank.

And this deponent further saith, that he has good reason to believe, and does believe, that unless the said bank is permitted to proceed in said suit at law in the state of New York, at the next term of said court, or unless the said complainant be compelled to give security in this court, the said bank will suffer irreparable injury.

And this deponent further saith, that it will be impossible to procure from New York, such papers, or copies of them, as have been necessarily forwarded there to defend said suits, as will be required to make a full and complete answer to this bill of complaint, in time to move for the dissolution of the injunction in this cause, before the day on which the said cause, now pending in said supreme court, is noticed for trial. And further this deponent saith not.

JOHN A. WELLES.

Sworn to and subscribed before me, this 14th May, A. D., 1840.

HENRY H. BROWN,
*Notary Public, W. C., Mich.*

A copy of the order of the court of chancery of the state of New York, dissolving the injunction issued upon the bill

First Circuit. filed in that state by the complainant, is attached to the affida-
vit.

Carroll
vs.
Farmers and
Mechanics'
Bank.

H. N. WALKER, in support of the motion.

1. Where an injunction is granted to stay proceedings at law, it is proper to make a motion, based on an affidavit, to dissolve or alter the terms of it. 1 *Newland's Prac.*, 226; 2 *Madd. Prac.*, 224; 6 *Vesey*, 109, 110; 2 *Chan. Cas.*, 203; 2 *John. Chan.*, 140.

2. There is no doubt but the court has the power to grant an injunction against a person's proceeding in a foreign court. 4 *Bridg. Digest*, 323; *Eden on Inj.*, 144; 5 *Vesey*, 27, 71; 5 *Madd. Rep.* 297, 309; 6 *Madd. Rep.*, 16; 4 *Bridg. Dig.*, 340. But the court will not, as a matter of policy and courtesy, restrain the proceeding commenced in a sister state. 2 *Paige Chan. Rep.*, 403, 404; 4 *Cranch R.*, 179; 7 *Cranch R.*, 278; 2 *Story's Eq. Com.*, 186.

3. The bill in this case is defective. The statute provides, that a bond shall be given, under certain circumstances, and money paid into court under others. The bill should state, then, what is the situation of the suit at law, so as to enable the Chancellor or judge to determine what order to make. *R. S. Mich.*, 374, 375.

The general rule is, that if a declaration has been filed, the plaintiff at law will be permitted to proceed to execution. Hence the necessity of stating the precise situation of the suit. 10 *Vesey*, 450; 18 *Vesey*, 488; 1 *New. Chan.*, 216; 2 *Madd. Prac.*, 220; 3 *Paige R.*, 33.

It has not the requisites of a bill of discovery, there being no averments that the answer is wanted in evidence, in another court, which is necessary. *Story's Com. Eq. Plead.*, 422; *Mitford's Pl.*, 186; 2 *Story's Eq. Com.*, 710; 2 *John. Chan. Rep.*, 547, 548; *Cooper's Eq. Plead.*, 191; 2 *Ves.*, 451.

4. But, conceding the point that the bill is perfect and sufficient, the injunction was improperly issued until a bond was given, in accordance with the statute. 2 *R. S., N. Y.*, 188; *R. S., Mich.*, 374. It will be observed that the two statutes are alike. 2 *Paige*, 395; 3 *Paige*, 33; 1 *Hoffm. Chan. Prac.*, 85.

T. ROMEYN, contra.

First Circuit.

Carroll
vs.
Farmers and
Mechanics'
Bank.

1. The affidavit of John A. Welles is inadmissible on this motion. There are but two ways of dissolving an injunction: upon answer, or on the bill. 2 *John. Ch. Rep.*, 202; 1 *Hoffman's Pr.*, 361; 1 *Edw.*, 24; *Eden on Inj.*, 65.

2. The affidavit, if received, is insufficient. 6 *Paige*, 109; 1 *Paige*, 427.

3. The affidavit of the defendant's counsel, is a sufficient answer to the equity of the motion.

4. The complainant should have reasonable time to file the bond. The court can exercise a discretion in this matter. 1 *Paige*, 427; 2 *John. Ch. Rep.*, 202, 203, 227.

THE CHANCELLOR. A preliminary question is made, as to the reception of the affidavit of John A. Welles. So far as the affidavit shows that the injunction was irregularly issued, or that the officer allowing the injunction has been misled, and induced to grant an injunction contrary to law, the affidavit is admissible.

2. As to want of equity in the bill. The bill alledges, that an answer from said John A. Welles, is necessary for the enforcement and support of the complainant's rights in the premises.

The rule is, that the complainant shall charge in his bill, that the facts are known to the defendant, and ought to be disclosed by him, and that the complainant is unable to prove them by other testimony, and when the facts are denied, to assist a court of law in the progress of a cause, it should be affirmatively stated in the bill that they are wanted for such purpose. *Brown* vs. *Swann*, 10 *Peters' R.*, 502.

If this be substantially the true rule, of which there can be no doubt, the bill is insufficient to sustain the injunction to the full extent in which it was allowed.

The bill alledges various and complicated transactions, and this allegation would be equally true, whether the discovery from Welles was necessary, either in relation to original nego-

First Circuit.
Carroll
vs.
Farmers and
Mechanics'
Bank.

ciation with Sargeant, or in relation to the draft upon which a suit is pending. It is not stated that the discovery is necessary to aid the defence at law, or that they are unable to prove the subject matter of that defence by other testimony.

*R. S.*, *Sec.* 91, 374, is positive and peremptory, that no injunction shall be granted to restrain proceedings at law, where a cause is at issue, without filing a bond in such sum as the officer allowing the injunction, shall prescribe, &c.

The bill alledges merely, that the Farmers' and Mechanics' bank have commenced, and threaten to prosecute a suit upon a certain draft, mentioned in the bill, given by the complainant to N. O. Sargeant, now deceased, without alledging the court in which such suit is pending, or whether the suit is at issue or not.

It is urged that, as the statute is imperative upon the officer allowing the injunction, it is incumbent upon the complainant, in his bill, to show the state of the pleadings, and the court in which such suit is pending, in order to enable the officer, to whom the bill may be presented for the allowance of the injunction, to judge of the propriety of its allowance, and if allowed, to prescribe the terms, in accordance with the provisions of the statute. This ground, I deem to be well taken. It has been repeatedly decided, that courts of chancery will not sustain an injunction bill, to restrain a suit or proceeding previously commenced in a court of a sister state, or in any of the federal courts. 2 *Paige*, 404; 4 *Cranch*, 179. For aught that appears, this suit may be pending in one of the federal courts, or in the court of a sister state. It may be at issue, or even in judgment, in one of those courts. As the statute requires, peremptorily, certain things to be done where a cause is at issue, it seems necessarily to follow, that the party should, when he states that a suit is pending, show the condition of that suit, in order to enable the officer allowing the writ, to judge of, and to direct the necessary conditions.

To establish a contrary rule, would open the door for great abuses of the process of the court. But whether this omission may be technically termed an irregularity or not, when it is

First Circuit.

Carroll
vs.
Farmers and
Mechanics'
Bank.

brought to the knowledge of the court, that the officer allowing the injunction has been misled by such omission, that the process of the court has been improperly abused, there can be no doubt of its duty to afford a prompt correction. The affidavit discloses the fact, that the injunction allowed in this cause, purports to restrain the proceedings of a cause not only at issue, but pending in the court of another state. So far, the affidavit undoubtedly may be received. This being apparent, there can be no room for doubt as to the duty of the court, so far to modify the injunction as to divest it of this anomaly.

In the case of *Mead* vs. *Merrill,* 2 *Paige,* 404, the Chancellor says: "I am not aware that any court of equity in the Union has deliberately decided that it will exercise the power, by process of injunction, of restraining proceedings which have been previously commenced in courts of another state. Not only comity but public policy forbids the exercise of such a power. If this court should sustain an injunction bill to restrain proceedings previously commenced in a sister state, the court of that state might retaliate upon the complainant, who was defendant in the suit there. By this course of proceeding, the courts of different states would indirectly be brought into collision with each other in regard to jurisdiction; and the rights of suitors might be lost sight of in a useless struggle for what might be considered the legitimate powers and rights of courts." He further says that these principles "may now be considered the settled law of this country. The prompt correction of this error is called for by a decent regard for the reputation of the court, and of the judicial proceedings of the state; and it is also due to the rights of the parties. The injunction must be dissolved.

Injunction dissolved.