AMES, (KRAUSKOPP v.)
[See Krauskopp v. Ames, Case No. 7,931.]

## Case No. 327.
AMES et al. v. LE RUE.
[2 McLean, 216.][1]

Circuit Court, D. Michigan.  Oct. Term, 1840.

PLEADING—DECLARATION—RECOVERY UNDER COMMON COUNTS—EVIDENCE—LIMITATIONS.

1. If the plaintiff fails to prove the special contract stated in his declaration, or the contract has been performed on his part, and a duty imposed on the defendant to pay, in money, the amount due, the plaintiff may recover on the general counts.

[See Stanley v. Whipple, Case No. 13,286.]

2. If the special contract be barred by the statute of limitations, and the plaintiff can show an express promise to pay, since which the statute has not run, he may recover on such promise.

3. And, in such case, the facts of the special contract may be gone into, to show the balance due.

4. It has been held that a note payable in specific articles is admissible in evidence, under the money counts.

[See note at end of case.]

[At law.  Assumpsit by Ames and Ames against Le Rue.  Judgment for plaintiffs.]

Jones & Williams, for plaintiffs.
Mr. Frazer, for defendant.

OPINION OF THE COURT.  This is an action of assumpsit, brought to recover the price of a paper machine, sold by the plaintiffs to the defendant.  The declaration set out the special contract, and the common counts were added.  Defendant pleaded the general issue, and the statute of limitations.  In support of the first count in the declaration a receipt was offered in evidence, from the defendant to the plaintiffs, in which the defendant stipulated to pay two hundred dollars in three months, two hundred in six months, and two hundred dollars in nine months, to be paid in wrapping paper, and these payments being made the machine was to be the defendant's.  This contract was dated in 1826.  A part of the wrapping paper, of an inferior quality, was delivered; and, after some years of delay, the defendant expressly promised to pay the residue of the debt, or provide for the payment of it.

It is contended that the sale of the machine was conditional, and not absolute; and that no action will lie upon the contract.  By the contract the seller had a lien upon the machine for the purchase money.  When paid for it was to be the property of the purchaser.  But the payments were to be made in the manner, and at the times, prescribed; and, if not so made, the defendant was liable to be sued for a breach of the contract.  The statute of limitations, it is insisted, bars a recovery on the special contract.  And here a

question is made, whether the case comes under the statute of the state where the contract was made, or where it is sought to be enforced.  The statute of limitations of the state where the suit is brought must govern.  It is the law of the forum, and applies in all cases where the jurisdiction of the forum is invoked.

The statute of Michigan does bar all remedy upon the special contract.  Since the breach of the contract, and before the commencement of this suit, the limitation of the statute has run, and, consequently, the bar is complete.  But after the delivery of the wrapping paper, in part, and before the statute had run, the defendant, as appears from the written evidence, promised to pay the balance due.  And this promise, if valid, is not barred by the statute.  It is contended that this promise, at most, could only relate to the former contract, and the mode of payment therein provided.  But is this the true construction of the promise?  The payments, in wrapping paper, were all to be made in nine months.  After this period the plaintiffs were under no obligations to receive the paper, nor could the defendant expect to pay it.  And, on being called on for payment by the plaintiffs, several years after the nine months had expired, and threatened that, unless he paid the balance, the machine would be taken from him, he promised to pay it.  That there was a valuable consideration for this promise will not be denied.  And that the promise was to pay in money is equally obvious.  The special contract, in regard to the sale of the machine, is properly shown as the consideration of the express promise; and as this promise was to pay money, we think it is evidence for the jury, under the count, for the sale of the machine.

The plaintiffs, it is alleged, has failed to prove the special contract as laid in the declaration.  This, if admitted, would give them a right to go on the general count.  And we think the plaintiffs have a right to recover on the express assumpsit, since which the statute has not run, and that the whole circumstances of the case may be gone into to show the amount due.  The case is clearly within the rule that, where the contract has been performed by the plaintiff, and a duty is imposed on the defendant to pay the amount due, in money, a recovery may be had on the general count, although there was a special contract.  Chesapeake & O. Canal Co. v. Knapp, 9 Pet. [34 U. S.] 541.  On the authority of Smith v. Smith, 2 Johns. 235, Pierce v. Crafts, 12 Johns. 90, the court held, in the case of Crandal v. Bradley, 7 Wend. 311, that a note payable in specific articles was admissible in evidence under the money counts.  This was a departure from the English rule.  The jury found for the plaintiffs the balance due.  Judgment.

[NOTE. The statute of limitations appertains to the remedy, not to the original debt, and consequently it is the lex fori which governs, in-

[1][Reported by Hon. John McLean, Circuit Justice.]

stead of the lex loci. Townsend v. Jemison, 9 How. (50 U. S.) 407; McCluny v. Silliman, 3 Pet. (28 U. S.) 270; Walsh v. Mayer, 111 U. S. 31, 4 Sup. Ct. 260; McElmoyle v. Cohen, 13 Pet. (38 U. S.) 312; Egberts v. Dibble, Case No. 4,307; Jones v. Hays. Id. 7,467; Le Roy v. Crowninshield, Id. 8,269; Randolph v. King, Id. 11,560.]