No. 11.—M. H. BALDWIN and another, plaintiffs in error, *vs.* DRURY M. LESSNER, defendant.

[1.] If the declaration allege a special contract for the rent of mills, to be paid in repairs, and it is proven, on the trial, the plaintiff cannot recover on the common count for a *quantum meruit*; he will be held to the special contract, and the measure of damages is the value of the repairs agreed to to be made, and the loss he may have sustained by reason of the failure to make them.

Assumpsit, &c. in Randolph Superior Court. Tried before Judge WARREN, October Term, 1849.

Lessner brought suit against Baldwin and Mills, upon a special contract, by which, in consideration for the use of certain mills belonging to Lessner, the defendants agreed to make certain repairs, specified in the contract. The declaration averred, that the repairs were not made, and were reasonably worth $250. There were, also, common counts for the rent of the mills, for the time defendants used them.

On the trial, the plaintiff proved the special contract, and its breach; and the Court farther allowed evidence, under the common counts, to show the reasonable rent of the property.

The Court charged, " That the Jury would be authorized to find on the counts in the declaration, other than that on the special contract, and the measure of damages would be, properly, the value of the use of the mills for the term of the lease."

This decision was excepted to, and error alleged therein.

There were several other errors assigned, but this alone was reviewed by the Supreme Court.

Bower, (represented by H. Holt,) for plaintiff in error.

W. Taylor, for defendant, cited—

Douglass, 23. 1 T. R. 81. 2 East, 145. Rye vs. Stubbs, 1 Hill's R. 384.

By the Court.—Nisbet, J. delivering the opinion.

[1.] The declaration contains three counts; one, for so much money, due for rent of the mills, at a given rate per month, with a bill of particulars; one, a *quantum meruit* count, claiming as much for the rent of the mills as the plaintiff deserved to have, for the time that the defendants used them; and the third, setting forth a special agreement, by which, in consideration of the use of the mills for five months and a half—from some time in April, to October, 1848, the defendants agreed to do, within that time, certain repairs (which are specified) to the mill, yard and bridge—averring that defendants went into, and held possession, during the term, and failed to make the repairs as stipulated. Upon the trial, the plaintiff proved the special contract substantially, as laid in the declaration. There was, also, evidence of the value of the mills for the term—some evidence of an extension of the time in which the defendants were to make the repairs—and of a subsequent refusal of the plaintiff to permit the defendants to make them, after the original term had expired, and within the term as extended. It was in evidence, that the repairs were not made within the original term, and were not made at any time. In this state of the case, before the Jury, the Court charged them,

Baldwin and another *vs.* Lessner.

" that they would be authorized to find on the counts in the declaration, other than that on the express contract, if they believed that the defendants had not done the repairs according to the express contract, and that the measure of damages would properly be the value of the use of the mills for the term." Upon the ground that, in this charge, the Court erred as to the law of the case, and also upon other grounds taken in the rule, the defendants moved for a new trial, which was refused; and thereupon they excepted. Did the Court correctly administer the law in this case? We think not. In the actual position of it, we think that the plaintiff could not recover upon the common counts, but was held to recover on the special contract, as proven. Having declared on a special contract, and proven it, that contract was the evidence of his rights, and of the liability of the defendants. This is the case of a contract executed by the plaintiff, by his admission of the defendants into possession of the mills, and their enjoyment of that possession and its profits, for the term stipulated, and executory as to the defendants, who agreed, in consideration of the use and occupancy of the mills, within the stipulated term, to make certain specific repairs. These repairs they did not make according to the contract. It was not abandoned by either party—it was not in part executed by the defendants. It was a subsisting contract all the original term—a contract which they had wholly failed to execute. For this failure, the plaintiff had the right to go upon them for damages; and the measure of damages is the value of the repairs agreed to be made, and such farther injury as the plaintiff may have sustained, by reason of their breach of the contract. *Indelitatus assumpsit* will not lie, when there is a subsisting unexecuted agreement. Where there is an express agreement laid and proven, the plaintiff cannot resort to an implied one. This rule covers this case, and it is not necessary to advert to the exceptions under it. This case does not fall within any of them. 1 *Chitty Plead.* 1, *p.* 246, 7, *notes.* 2 *T. R.* 105. 3 *East*, 78, 80, 85. 6 *T. R.* 325. 7 *Ib.* 243. 1 *Stra.* 648. 3 *Bos. & Pull.* 247. 8 *Johns. R.* 439. 10 *Ib.* 37. 12 *Ib.* 274. 18 *Ib.* 451. 8 *Mess.* 118. 7 *Ib.* 430. 2 *Shep.* 383. *Wright*, 577. 2 *Harring.* 484. 2 *McLean*, 216. 12 *Com.* 558. 4 *Smedes & Marsh*, 652.

If, in this case, the term was extended, yet still the contract remained the same. If the performance, within the extended term,

was prevented by the act of the plaintiff, however it may be available for the defendants, it would certainly give no right to him to recover upon his common counts.   To say the least of it, he was in no better situation, by reason of his preventing the defendants from performing their part of the contract.

With these views of this case, it must go back ; and the points as to excessive damages and newly-discovered evidence, need not, therefore, be considered.

Let the judgment below be reversed.