## HOWE *versus* SAUNDERS.

Of the mode of declaring upon. a note where a new promise is made *after* the limitation bar has attached.

On a witnessed note, an action cannot be maintained after the lapse of twenty years from the time it was made payable, it being supposed to be paid by presumption of law.

But a partial payment, or any acts of the promisor, by which *such presumption* is rebutted within twenty years of the *commencement of the suit,* will authorize the maintenance of an action on such a note.

ON FACTS AGREED.

ASSUMPSIT. The writ was dated on Feb. 16, 1852, and made upon a note signed by defendant, of the following tenor and indorsements.

" For value received, I promise to pay Charles Peavy, or order, the sum of eighty-one dollars, and fifty-five cents, on demand with interest. Eastport, Nov. 30, 1830."

On the back of the note was the following:—" Charles Peavey, without recourse. March 7, 1832. Received of the within seventy-five dollars."

. Within one year previously to the making of the writ, according to the deposition of D. T. Granger, the defendant went into deponent's office, in Eastport, and he exhibited to him the note, and showed him the amount of it, and the indorsement, and what it would be with and without interest. The defendant made no objection to the note or to the indorsement on it. He said the interest amounted to a good

deal; that he was a poor man, and unable to pay much; that he thought he ought not to pay any thing more than the balance of the principal of the note, and if Mr. Howe would take that in full, he would pay him that amount. The indorsement of seventy-five dollars, was in the handwriting of plaintiff.

The Court were authorized to draw inferences of fact, as a jury might, and enter such judgment as the law and evidence may require.

*Talbot*, for defendant.

1. The statute of limitations is a defence to this note, unless there was a payment upon the note within twenty years prior to the date of the writ. The indorsement furnishes no such evidence, for it is in the handwriting of the plaintiff. R. S., c. 146, § 23.

2. There is no evidence of such payment. The testimony of the witness does not come up to the point required. No payment was admitted, nor does the case show any such payment to have been made.

*D. T. Granger*, for the plaintiff.

SHEPLEY, C. J. — The note presented in this case having been made payable more than twenty years before the commencement of the suit, the statute of limitations will prevent a recovery of it, unless a new promise within twenty years can be inferred from the testimony and indorsements made within that time. The indorsement having been made by the plaintiff, is not, by the provisions of the statute ·c. 146, § 23, to be " deemed sufficient proof of payment." It may however, be considered in connexion with other testimony, tending to prove an actual payment of the sum indorsed.

The note was made on Nov. 30, 1830, for $81,55, and was attested by a subscribing witness. The holder could have had no motive to make an indorsement of $75, unless an actual payment of that sum had been made. Within a year before the suit was commenced, the note and indorse-

ment were exhibited to the defendant and became the sub-ject of conversation. The defendant made no objection to the genuineness of either, but said he thought he ought not to pay any more than the balance due of the principal. There could have been no balance of principal due if there had been no payment made.

None of the provisions of the statute, providing for a limitation of six years, can apply to an action commenced upon a promissory note signed in the presence of an attesting witness. § 7. The only limitation applicable to this note, is that of twenty years. § 11. The application of that limitation, as an effectual bar, may be avoided by proof, that would rebut the presumption arising from the common law after the lapse of twenty years. *Denny* v. *Eddy,* 22 Pick. 533; *Brewer* v. *Thomes,* 28 Maine, 81.

If the provisions of the eleventh section be regarded as an absolute bar, unless the action be commenced " within twenty years after the accruing of the cause of action," as intimated in the case of *Joy* v. *Adams,* 26 Maine, 330, no rule is better established, than that a payment made upon a note or bond, operates as a renewal of the contract at that time. There has been some difference of opinion, whether the right to recover rested upon the new promise inferred from the payment, or whether such payment should be regarded as evidence only of a renewal of the original promise. *Barrett* v. *Barrett,* 8 Greenl. 353; *Ware* v. *Webb,* 32 Maine, 41; *Austin* v. *Bostwich,* 9 Conn. 496; *Martin* v. *Williams,* 17 Johns. 330; *Newlin* v. *Duncan,* 1 Harring. 204; *Oliver* v. *Gray,* 1 Har. & Gill. 264; *Bell* v. *Morrison,* 1 Peters, S. C. 351; *Lonsdale* v. *Brown,* 3 Wash. C. C. 404; *Ames* v. *LeRue,* 2 McLean, 216. The more satisfactory rule may be, when the new promise is made or arises, after the right to maintain a suit upon the original cause of action has been entirely extinguished, or when the new promise varies from the original, there should be a count upon the new promise, and the original cause of action used as proof of a valuable consideration for it.

And in other cases, the declaration may be upon the original promise only.

In this case, there being no limitation but that of twenty years, operating upon the contract, the rule which applies to other contracts and debts subject to the same limitation, must be applical ie to it. In such cases the action may be maintained when there has been a payment, or the presumption has been rebutted by any acts within twenty years before the commencement of the suit. *Oswald* v. *Legh*, 1 T. R. 270; *Joy* v. *Adams*, 26 Maine, 330; *Howland* v. *Shurtleff*, 2 Met. 26; *Brewer* v. *Thomes*, 28 Maine, 81; *Clark* v. *Hopkins*, 7 Johns. 555. *Defendant defaulted.*

TENNEY, HOWARD, HATHAWAY, and APPLETON, J. J., concurred.