Yates, J.,
delivered the opinion of the court. It does not appear from the return, that Tillman knew for what purpose the note was designed, or that there was any promise to, or communication between, him and the holder of the note; nor is any liability shown, except such as he would be subject to as the endorsor of an ordinary negotiable promissory note.
This case is not distinguishable from Herrick v. Carman, *(12 Johns. Rep. 159.) except that the suit was in that case brought against the person signing, as endorsor; and in this case, on the implied special agreement or guaranty. They do not, however, vary in principle. The liability in this case was the same. For aught that appears, Tillman, for the accommodation of the drawers, and the original payee, or first endorsor, may have put his name on the note as second endorsor, on the responsibility of the payee ; this is the legal presumption from the appearance of the paper, without any explanatory proof, or a special undertaking on the part of Tillman, who does not appear to have known any thing of the original contract between the drawers and the payee ; nor can the court infer from any thing in the case, that he was privy thereto. In the cases cited from 13 Johns. Rep. 175. 14 Johns. Rep. 349. and 15 Johns. Rep. 425., the endorsor had either been present and agreed to guaranty the payment, or it appeared in proof tha1 he knew the extent of his endorsement to be as alleged, which is not the case here.
The proof, that Wheeler declared he delivered the goods solely on the responsibility of Tillman, cannot vary the nature of the paper he gave, unless it should also appear that such declaration was made to Tillman, or was known to him, at least, before he endorsed the note; but that does not appear. If. under the. circumstances of this case, the endorsement be construed to be a special guaranty, and an original contract in consideration of the delivery of goods, there is no case in which a note, innocently endorsed by a second endorsor, previous to the endorsement by the first, in which, without his knowledge, *261 vitfee responsibility may not be varied. The judgment below must be reversed, and a venire de novo issue, returnable at the Ontario circuit.
Judgment reversed.