## Atkinson *against* Crossland.

The right to recover the costs on a writ of *certiorari*, depends on the relative amount recovered or abated by the subsequent judgment: therefore, upon the reversal on *certiorari* of an execution, on the ground that no judgment had been entered by the justice on an award of referees, and the judgment is subsequently entered and the money recovered, the costs of the *certiorari* cannot be recovered by the defendant in error from the plaintiff in error.

ERROR to *Fayette* county.

Richard Crossland, the defendant in error, sued Thomas Atkinson, the plaintiff in error, in debt, before a justice of the peace. The cause was referred. The referees awarded for the plaintiff a certain sum. Execution was issued by the justice for the sum awarded and costs, without any judgment having been formally entered on the award. Thereupon Atkinson sued out a *certiorari* to bring the proceedings into the court of common pleas, which reached the execution; and upon a hearing in court, the execution was set aside. The record having been remitted to the justice, notice was issued and served in due time and manner upon Atkinson, to appear before the justice on a day certain, and show cause why judgment should

[Atkinson v. Crossland.]

not be enterred on the award of the referees.   On the day fixed, the defendant not appearing, judgment was entered against him on the award for the amount thereof and costs.  Execution was then issued on the judgment, then an *alias* execution, which was returned "levied on one watch."   This execution was issued on the 1st of January 1833, returnable the 21st.   On the 22d of March following, the defendant paid the judgment, interest and costs in full.

This suit was brought before a justice of the peace to recover the amount of the costs incurred in court, on the *certiorari*, with 4 dollars as an attorney's fee ; on which the justice gave judgment for Crossland against Atkinson for 11 dollars 60 cents debt, and 1 dollar 17 cents costs: from which judgment the defendant appealed.   The court below was of opinion that the plaintiff was entitled to recover, and rendered judgment accordingly.

*Todd,* for plaintiff in error, cited, 13 *Serg. & Rawle* 198 ; 1 *Penns. Rep.* 461.

*Veech,* for defendant in error.

Per Curiam.—The right to the costs of a proceeding reversed by *certiorari,* depends on the relative amount recovered or abated by the *subsequent* judgment ; and they are given as a penalty for vexing the opposite party with an exception to form, while the merits are with him.   The provision of the statute, therefore, is applicable, both in its letter and intent, but to cases where there is a judgment which may be compared with a preceding one for the same cause of action, as a final test of the merits ; and it is consequently not applicable to the reversal of an execution.   Here there was no judgment when the execution was reversed—it was, in fact, reversed for that reason —and there is nothing to compare with the judgment rendered subsequently.   The case is certainly not within the letter of the statute, which, being a penal one, is not to be extended by inference or implication.   But even if its principle might be carried beyond the letter, we could not say that the reversal was for matter of form, unconnected with the merits, or that the purpose of the statute was to fix a defendant, in any circumstances, with costs for not submitting to execution before judgment, because the penalty would be inflicted with equal justice for not submitting to it before suit brought.

Judgment of the court below reversed, and judgment rendered here for the defendant below.