## MARTIN & a. *vs.* BOYD.

Where the defendant had affixed his name on the back of a promissory note, when made, drawn payable to the plaintiffs, or their order, but which had not been endorsed by them — *Held*, that the defendant thereby rendered himself liable as an original promissor, and not as an endorser.

ASSUMPSIT. The first count was upon a note dated January 3, 1839, for $440.75, made by the defendant, and payable to the plaintiffs, or their order, in six months. The second count set forth, that one Charles H. Starrett, on the 3d of January, 1839, made his promissory note for $440.75, payable to the plaintiffs, or their order, in six months; and the defendant thereafterwards, on the same day, by his writing, under his hand on the back of the note, for value received promised the plaintiffs to pay them the contents of the note, according to the tenor thereof.

The note produced in evidence by the plaintiffs was signed by Charles H. Starrett, and payable to the plaintiffs, as above described, with the name of the defendant written upon the back of it. The defendant contended that, if liable at all, he was liable only as a guarantor, or as an endorser

of the note ; and offered in evidence a notice signed by the plaintiffs, dated July 6, 1839, directed to him, and stating that a note made by Charles H. Starrett for $440.75, payable to Reuben Martin & Co., and endorsed by the defendant, had, on said 6th of July, been presented to Starrett, and payment demanded, and that it was not paid, and the holders looked to him for payment and charges, in consequence of such non-payment.

He also offered a notice of non-payment, signed by George Minot, notary public, directed to the defendant. The note was described in said notice as " Mr. Charles H. Starrett's promissory note for $440.75, endorsed by you."

Upon this evidence a verdict was taken for the plaintiffs, subject to be set aside and a verdict entered for the defendant, if the court should so direct.

*Perley*, for the defendant. The first count is against the defendant, as the maker of a promissory note. The note produced is signed by Charles H. Starrett, and has merely on the back of it the name of the defendant, without any evidence how or when it came there.

If a signer of a note intends to be holden as principal, he signs on the face of the note ; otherwise, upon the back. The proceedings of the plaintiffs show that the defendant was understood by them to be endorser merely, as on non-payment the note was protested, and notice was given to the defendant as endorser. The plaintiffs are not precluded by these acts, but they tend to show their understanding of the contract.

Where the payee had previously endorsed a note, a new name placed on the back renders such person liable as second endorser. 17 *Johns.* 326, *Tilman* vs. *Wheeler*.

On these grounds, the defendant cannot be charged as maker of the note ; and he cannot be holden on the second count, for the reason that nothing has been written on the back of the note showing a liability as endorser, which

Martin v. Boyd.

should have been done if the plaintiff relied upon his claim as set forth in this count. We farther contend, that the defendant, if liable at all, is liable as guarantor, and not as maker or endorser.

*Fletcher*, for the plaintiff, contended that the defendant was liable in the same manner as though his name was upon the face of the note ; and cited *5 Mass.* 545, *Carver* vs. *Warren ;* 11 *Ditto* 436, *Moies* vs. *Bird ;* 9 *Mass. R.* 314, *White* vs. *Howland ;* 4 *Pick.* 311, *Sumner* vs. *Gay ;* 8 *Ditto* 122, *Baker* vs. *Briggs ;* 13 *Johns.* 175, *Nelson* vs. *Dubois.*

UPHAM, J. It seems to be conceded that the defendant in this case is liable in some mode ; and the sole question for consideration is, whether he is liable as an original promissor, or endorser, of the note, on the back of which he has affixed his signature.

The declaration alleges that the signature was affixed at the time of making the note ; and such may be regarded as the settled presumption of law, until evidence to the contrary is shown. On this presumption the act of the defendant in affixing his signature was an original undertaking, and the case therefore differs from that of *Hodgkins* vs. *Bond*, 1 *N. H. Rep.* 284. There it was in evidence that the signature of the defendant was placed on the back of the note after it had become overdue ; and the court held that it was not an original undertaking of the defendant, or such a memorandum in writing as to render him liable to pay the debt of another, within the meaning of the statute of frauds.

That question does not arise here. The undertaking of the defendant must be regarded as made at the creation of the note ; and the inquiry is, in what mode he has bound himself by thus becoming an original party to the instrument.

There is no evidence offered, but the signature upon the back of the note, to show the intent of the parties ; and

the contract must be determined solely from the state of the paper as produced. It has been holden, in some instances, that the payee of the note is empowered by the act of the defendant to draw out a contract over the defendant's signature, showing a liability of guarantor or endorser, as he shall elect. But we regard the act of the defendant as a definite contract in law, which is not left to depend on the mere pleasure of the payee of the note; but where the contract is drawn out by him, it must follow the regular presumption of law.

In our view, no one can be properly regarded as the endorser of a note unless he stands in the relation of assignor, or so purports to stand on the face of the paper, and thus becomes technically holden as endorser, by reason of the currency given by him to paper transferred by him for a valuable consideration. I am aware that the authorities in New-York sustain a different doctrine, but we see no good reason for a departure from this rule. 17 *Johns.* 326, *Tilman* vs. *Wheeler;* 12 *Johns.* 159, *Herrick* vs. *Carman.*

In this case, it is quite clear that no transfer of the note has ever been made, or was designed to be made. The note has ever remained the property of the original payees, and the defendant's signature must have been affixed on the back of the note with a design to render him liable, in our view of the law, either as guarantor or as an original promissor. The authorities make but little distinction as to the liability in either of these relations. It seems to be well settled that the guarantor of a note is liable, whether there has been a presentment of the note to the promissor and a notice of non-payment to the guarantor or not. 8 *East* 242, *Warrington* vs. *Furber;* 5 *Maule* 62, *Swingood* vs. *Bowes;* 20 *Johns.* 365, *Allen* vs. *Rightmere;* 2 *Greenl. R.* 261, *Cobb* vs. *Little;* 4 *Day* 444, *Williams* vs. *Granger.*

In Massachusetts it is settled, in repeated decisions, that whenever the name of the individual is placed on the back of the note, at the time of its inception, he is holden as an

original promissor.  8 *Pick.* 122, *Baker* vs. *Briggs ;* 4 *Ditto* 311, *Sumner* vs. *Gay ;* 19 *Ditto* 260, *Chaffee* vs. *Jones ;* 9 *Mass.* 314, *White* vs. *Howland ;* 24 *Pick.* 64, *Austin* vs. *Boyd ;* but that where the name is placed on the note after its inception, he is holden as guarantor, and not as promissor or endorser.   4 *Pick.* 385, *Tenney* vs. *Prince ;* 7 *Mass. R.* 233, *Ulen* vs. *Kittredge ;* 11 *Mass. R.* 436, *Moies* vs. *Bird.*

In 9 *Ver. R.* 345, *Flint* vs. *Day,* it was held that where a person, not a party to a note, signs his name on the back of it, without any words to express the nature of his undertaking, he is considered as joint promissor with the other signers; and if any of the other signers are merely sureties, he is considered as a co-surety with them.

We see no objection to conforming to the rule laid down in these authorities.   It is clear in our view that the defendant designed by his act to subject himself to the liability, either of a promissor or guarantor of the note ; and as it is holden in well considered decisions that the liability is that of an original promissor, we are disposed so to regard the contract in this case.   There must, therefore, be

*Judgment on the verdict.*