Mr. Justice Clayton
delivered the opinion of the court.
This was an action of assumpsit, brought against the plaintiff in error, upon a guaranty of a promissory note, payable to him, and transferred by him to Ely, in the following words : “ I do assign the within note to D. J. Ely, for value received, and guaranty the punctual payment of the same, at maturity.”
The first question arising upon the record is, whether a demand of the maker, and notice of nonpayment were necessary to hold the guarantor liable. The circuit court charged the jury, that no such demand and notice were necessary, and this charge is assigned as the first error.
Upon this point there is a want of harmony in the authorities, calculated to produce some perplexity. The weight of reasoning and authority, however, we think, is in favor of the conclusion, that no such demand or notice is necessary, in a case of the guaranty of a promissory note. We lay out of view those cases which have grown out of a guaranty by letter of credit, and cases which have been construed to create a continuing guaranty. In'both of these classes, the American cases, at least, hold a notice to be necessary in order to charge the guarantor. See 10 Peters, 496. But, in the same case, after the principle, in reference to cases of these classes, has been stated, the court proceeds to draw the distinction, where the guaranty is of the payment of a promissory note, and holds the following language : “There are many cases where the.guaranty is of a specific existing demand by a promissory note, or other evidence of a debt; and such guaranty is given upon the note itself, or with reference to it, and recognition of it; when no notice would be necessary. The guarantor, in such cases, knows precisely what he guarantees, and the extent of his responsibility, and any further notice would be useless.” Chancellor Kent, in his Commentaries, vol. 3, 123, takes the same view of the law. After a notice of the different kinds of guaranties, he concludes the review of the doctrines, in these words : “ In the case of the absolute guaranty of a note, no demand or notice is necessary to fix the guarantor.” In Norton v. Eastman, 4 Green. 526, the court says,'that when a guaranty is *148 absolute in its terms, and definite as to its amount and extent, no notice to the guarantor is necessary. The cases of Read v. Cutts, 7 Green. 191, and Force v. Harding, 3 Fairfield, 195, in the same court, are to the same effect. So in Vermont, Foster v. Barny, 3 Verm. 60. In New York the point has been repeatedly before their courts, and they hold the same explicit language. Allen v. Rightmere, 20 Johns. 365. 17 Johns. 326. 1 Hill, 256. In Douglass v. Howland, 24 Wend. 48, the court examined many of the leading cases on the subject, and held that demand and notice were unnecessary. The following strong language is used : “It is a general rule, that when one guarantees the act of another, though on condition, his liability is commensurate with that of the principal, and he is no more entitled to notice of default than the latter.”
In Tennessee the same course of decision prevails. Upon a guaranty in these words, “ we bind ourselves to see the within note paid,” it was holden that no demand and notice were necessary. 3 Yer. 335. So in Bell v. Johnson & Hicks, 4 Yerg. 196. In this case, besides the ordinary assignment, these words were used, “ and'guaranty the solvency of the drawer.” The court asks, “What is meant by these latter words?” Do they express an intention to restrict the liability ? We think not. On the contrary, they were intended to enlarge it, and give the assignees more ample means of holding him responsible. If they failed to make demand, and give notice so as to fix his responsibility upon the indorsement, still, they might recover against him upon this guaranty, provided they could show, by suit or otherwise, the insolvency of the maker.” The same principle, here unfolded, is adverted to in the case of King v. Murray, 5 Barn. & Ald. 165. 7 Eng. C. L. R. 57. That was the case of a guaranty in the shape of a bond. The court say, “ it is insisted, however, that we are to engraft upon this bond, those limitations which the law imposes upon holders of bills of exchange, namely, a due presentment, and notice of dishonor. I am of opinion that we ought not to do so.”
In the case before us, if there had been a simple assignment without more, demand and notice would have bedn necessary;. *149 and if the parties had intended that the ordinary rules of the law-merchant should govern the transaction, they would only have had to stop with the words of assignment. But the emphatic words are added, “and guarantee the punctual payment at maturity.” Are these to have no effect; and is the construction to be the same, as if they had been omitted 1 We think not, and that they cannot be holden to signify less, than their obvious meaning imports — a warranty of payment of the debt, and responsibility in case of the breach of that warranty. We cannot engraft a condition upon the contract, which the parties themselves, from the language employed, appear to have excluded.
The cases of Green v. Dodge, 2 Ham. 430, the Oxford Bank v. Haynes, 8 Pick., Sager v. Wilcox, 6 Conn. and perhaps a few others, point to a different conclusion. From the best consideration we have been able to give them, we think that, so far as they depart from the principles of the cases, before adverted to, they cannot be supported. Upon the weight of authority, and upon principle, we are of opinion, that, in this case, no demand and notice were necessary.
If the defendant had proven that there had been negligence or delay on the part of the holder, and that he had been prejudiced thereby, he would have been entitled to a discharge, at any rate, to the extent of the damage sustained. Ch. on Bills, 474. Van Wart v. Wooley, 3 Barn. & Cres. 439. 12 Peters, 503.
The nextjerror assigned and relied on, is, that the plaintiff, having averred notice in his declaration, was bound to prove it. The declaration, after stating the making of the note, the guaranty and delivery to the plaintiff, without alleging any demand, as in case of indorsements, avers the nonpayment at maturity, and says, “ of all which several premises the said defendant had notice.” The cases, on the subject of the agreement between the pleadings and the proof, are by no means uniform. A late writer has attempted to extract the true principle which should govern. “ Some averments he calls impertinent, and others immaterial. The former are mere surplusage, *150 may be stricken out without prejudice, and need not be proven. It was different as to the latter. It is by no means easy, at all times, to discriminate between the two. An impertinent averment is a statement of matteraltogether foreign to the merits of the cause, and may be wholly rejected, without injury to the pleadings. An immaterial averment is a statement of unnecessary particulars in connection with, and as descriptive of what is material. The rule that immaterial averments must be strictly proven, is by no means universal, though formerly so understood. The rule, as limited by the more modern authorities, appears to be that no immaterial averment requires precise proof, unless the subject of the averment is a record, a written instrument, or an express contract; the principle of the rule embracing only that class of averments, of which a variance may be predicated.” Gould’s PL 163, cited 2 Phil. Ev. by Gowen & Hill, 504. In illustration of the rule, as thus stated, it is expressly decided, inf the case Cannon v. Gibbs, 9 Serg. & Raw., that the averment of demand and notice is an impertinent averment, when made in reference to a guaranty, and need not be proven. When presentment at a particular place, is unnecessarily averred, it need not be proven. Chitty on Bills, 639. So of an acceptance, Tanner v. Bean, 10 C. L. Rep. 310. 4 Barn. & Cres. 312. It is true, that authorities of an opposite character may be found, but we think that in principle these are correct. See Conn v. Gano, 1 Hamm. 210. When the plaintiff avers a fact in his declaration, the converse of which, if pleaded and proven by the defendant, would constitute no defence, it would seem to be useless to prove it.
We incline to the opinion that the allegation of notice in this case was mere surplusage, and might be stricken out without prejudice to the plaintiff’s action; but whether impertinent or immaterial, we think'it was unnecessary to prove it.
The reasoning, in regard to the assignment of these two alleged errors, will comprehend all the others. No error is perceived in the judgment of the court below, and it is therefore affirmed. - ■