## BADGER *v.* BARNABEE.

If one, not a party to a note, sign his name upon the back of it, after it has been delivered, he does not by that act, in the absence of other evidence, make himself liable to the party then holding it, either as original promissor or as guarantor.

ASSUMPSIT. In the first count in the declaration the plaintiff declared against the defendant as guarantor of a promissory note, dated May 30, 1843, for $400, signed by George W. Rice, and payable to the plaintiff, or his order, in thirty days, and grace. The second count was for money had and received. The third count was against the defendant as promissor upon said note.

Plea, the general issue.

The plaintiff offered in evidence a note whereof the following is a copy: "Portsmouth, May 30, 1843. For value received I promise to pay Capt. Samuel Badger, or order, four hundred dollars, in thirty days and grace.

$400.00.                                       GEO. WM. RICE."

Across the back is written the name of Willis Barnabee, the defendant.

The plaintiff farther offered the deposition of O. W. Penhallow, by which it appeared that diligence had been used to give notice to the parties, and that the defendant, on receiving such notice, said that the note would be paid, but not then.

The defendant offered the testimony of Rice, by whom it was proved that when he first gave the note to Samuel Badger the name of Willis Barnabee was not on it; that said Badger handed back the note to said Rice, and that Barnabee put his name on it, in order that it might be discounted, and that it was with the intention of enabling said Badger to get the note discounted that Barnabee put his name upon it, and for no other purpose

whatever, and that this was the understanding between Barnabee and Rice; that this note was given to take the place of one of a prior date, upon which there was no indorsement, and said Badger did at first accept it without the name of said Barnabee being upon it; that at this time Rice did not hold any notes against Barnabee.

The writ was dated January 13, 1844.

A verdict was taken by direction of the court for the defendant, subject to the opinion of this court.

*Emery* and *Bartlett*, for the defendant. The case of *Hodgkins* v. *Bond*, 1 N. H. Rep. 287, was in some respects like the present, and it was held that the indorsement of a party, not having the effect of transferring the note, and made after the note came into the hands of the holder, was not a guaranty of the payment of it.

In *Martin* v. *Boyd*, 11 N. H. Rep. 385, the name was put upon the note before it came into the plaintiff's hands. Here it was not done till the plaintiff had become the owner. The defendant was not the original promisor.

Barnabee, to be holden at all, must be holden as the second indorser, and the plaintiff's name — the payee's — must first be indorsed, and the defendant's must be read subsequently. 14 Vt. 228; 11 Ohio 102, *Parker* v. *Griddle*, hold that he who places his name upon a note after it is made, is a collateral guarantor, and not an original promisor.

Parol evidence may be admitted in this case, to show the situation of the parties.

If it is assumed that the defendant is guarantor, the guaranty must be upon a consideration, to be binding, and the consideration must be alleged and proved. None is shown in this case. If the agreement be collateral it must be written at length, and must express the consideration.

The distinction is between those cases in which the party puts his name upon the note at its inception, and thereby

---

Badger v. Barnabee.

---

becomes an original promisor, whether of guaranty or otherwise, and those in which he signs after the note has been delivered; in which case the presumption is that he does it for the accommodation of the party holding it, and then there is no consideration to support a promise to such a party.

*Hackett*, for the plaintiff, referred the court to *White* v. *Howland*, 9 Mass. 314; *Chaffin* v. *Jones*, 19 Pick. 260; *Austin* v. *Boyd*, 24 Pick. 64; *Moies* v. *Bird*, 11 Mass. 436.

Woods, J. The verdict in this case was directed by the court for the defendant, and the question is, whether there is evidence upon which the jury might have found a verdict for the other side.

It appears that Rice made his note for $400, payable in thirty days to the plaintiff, in payment of an antecedent debt, and that Badger received it, and afterward, and for the express purpose of enabling Badger to get the note discounted, and for no other purpose whatever, the defendant put his name upon the back of the note; that Badger did at first accept the note without the name of Barnabee being upon it.

It has been held in this State, in conformity with the decisions elsewhere, that the name of a party placed upon a note before its delivery binds him as an original promisor. *Martin* v. *Boyd*, 11 N. H. Rep. 385.

In *Hodgkins* v. *Bond*, 1 N. H. Rep. 384, it was held that such an indorsement, made after the delivery, did not render the party making it liable to the holder as guarantor, for the reason that no consideration was shown, and for the reason that the undertaking was not in writing, as required by the statute of frauds. But in Massachusetts it is decided that such an indorsement may bind the party as guarantor, if there was a sufficient consideration to support such an undertaking, (*Tenny* v. *Prince*, 4 Pick. 385), but not as an original promisor.

Badger *v.* Barnabee.

By the doctrine of either of those cases, it is quite clear that the defendant is not holden in this case, at the suit of this plaintiff, as guarantor, for there was no consideration for his undertaking in such a capacity. He placed his name upon the note, after it had become the property of the plaintiff, not for the purpose of making himself liable to him, but for the purpose of making himself liable to such party as might afterwards become the legal holder of the paper, by discounting it for the convenience of the plaintiff.

He was not liable as an original promisor, because the note had been delivered to the plaintiff before the signature was made, and there was no consideration for such an undertaking.

The case of *Moies* v. *Bird,* 11 Mass. 436, admits this principle, and was decided upon the ground that the signature was a *continuation and completion of the original* transaction, by which such security was to have been given; and the jury so found it.

The evidence is therefore perfectly clear and uncontradicted, that the defendant, in placing his name upon the note in question, did not intend to promise to pay the plaintiff anything, nor does the form of the writing import such a promise. The force and construction of the writing upon the back of the note depend upon the time when it was made, in the absence of evidence to show its intent. If made after the delivery of the paper, it is well settled that, without evidence of that purpose, and of a consideration, it does not bind the party making it, to any promise to the holder.

The verdict was properly ordered for the defendant upon the evidence reported, and there must be judgment accordingly.

*Judgment on the verdict.*