# GRAFTON,

## DECEMBER TERM, A. D. 1845.

### BENTON *v.* WILLARD.

17 593
67 175
68 328

B. brought an action, declaring as indorsee of a promissory note, against W. as indorser. Upon the back of the note was the name of B ; *Held,* that parol evidence was admissible to show that, after the making of the note, W., being dissatisfied with the security, paid H. a sum of money to procure B. to indorse it ; that B., having placed his name on the back of the note, W. indorsed it to a bank, which discounted it ; and that B. was therefore in fact a promissor or guarantor, instead of indorsee.

ASSUMPSIT. The plaintiff declared as indorsee of a promissory note made by one William Hayden, payable to the defendant, and by him indorsed to the plaintiff, with counts for money had and received, and money paid.

The plaintiff produced the note described, with the defendant's name indorsed in blank on the back, where also appeared the name of the plaintiff.

The plaintiff also produced the protest of a notary public, duly executed, showing demand and notice according to the law of Connecticut, where the note was made, and where the plaintiff and maker lived, with the deposition of the notary that he made the demand, and gave notice to the defendant and to the plaintiff of the non-payment.

The defendant then offered evidence of a conversation between the plaintiff and defendant, from which it appeared that the note was originally made and passed to the defendant by Hayden, and that afterwards the defendant

became dissatisfied with the security, and gave Hayden fifteen dollars to procure the plaintiff to indorse it, which Hayden did, and then returned it to the defendant, who afterwards put his own name to it and got it discounted at a bank.

To the admission of this testimony the plaintiff objected. but the court admitted it, and a verdict was thereupon taken for the defendant, subject to the opinion of this court on the foregoing case.

*Duncan*, for the plaintiff, to show that the plaintiff must be regarded as a second indorser, cited 1 N. H. 289; *Barry* v. *Morse*, 3 N. H. 132; Chitty on Bills 164; 3 Kent Com. 90; *Seabury* v. *Hungerford*, 2 Hill 80; *Pierce* v. *Mann*, 17 Pick. 244.

*Wilcox* (with whom was *Hibbard*), for the defendant, contended that the legal presumption from the fact that the plaintiff indorsed the note before it was negotiated, is, that he was to be holden as promisor or guarantor. He cited 11 N. H. Rep. 385, *Martin* v. *Boyd;* 8 Pick. 130, *Baker* v. *Briggs;* 4 Pick. 385, *Tenney* v. *Pierce;* 14 Vt. 228, *Sandford* v. *Norton;* 16 Vt. 554, *Strong* v. *Riker;* 13 Johns. 175, *Nelson* v. *Dubois;* 14 Johns. 349, *Campbell* v. *Butler;* 5 Vt. 161, *Barrows* v. *Lane;* 12 Vt. 227, *Nash* v. *Skinner;* 6 Conn. 315, *Beckwith* v. *Angell;* 11 Conn. 213, *Perkins* v. *Catlin;* Chitty on Bills 70, 72; Story on Bills 207.

PARKER, C. J. The note in this case was made in Connecticut, and if necessary the construction of the contract must be determined by the laws of that State. It appears to have been held there that a blank indorsement of a negotiable note, by a third person, is only *primâ facie* evidence of the contract which it imports; and that it is competent, as between the parties to the indorsement, to

prove by parol evidence the agreement which was in fact made at the time of the indorsement.    11 Conn. 213, *Pierce* v. *Catlin.*   Such evidence is not exceptionable, it is said, either as contravening the legal import of the indorsement, or controling a writing, or as being in opposition to the statute of frauds and perjuries.    *Ib.*

This is somewhat in conflict with the opinion expressed in *Hodgkins* v. *Bond*, 1 N. H. Rep. 284; and it may be that some portions of that opinion are not in accordance with cases decided since that time, and with the rules of law as now generally understood on the subject of blank indorsements by persons not parties to the note.

However that may be, the point decided in that case, and which is that the indorsement was not a contract in writing, within the statute of frauds, does not arise in this case.   Here, the person who placed his name upon the back of the note is not a defendant, resisting an alleged liability to pay, but brings a suit to recover as indorsee against the payee as indorser, who appears in fact to have indorsed the note at a time subsequent to that when the plaintiff put his name upon it.

It is clear that the time when the plaintiff indorsed his name on the note, and the time when it came into possession, may be shown by parol.   It may further be shown that the plaintiff's name was on the note before that of the defendant, and while it was in the hands of the defendant.   If the plaintiff had then paid the money upon it, and obtained the possession of it, he could not have maintained a suit upon it against the defendant, to whom he had paid the money, for the indorsement of the latter would have had no existence.

It appears that the note was returned to Hayden, the plaintiff's name procured to it, and the note then re-delivered to the defendant.   It is the same, then, as if the plaintiff's name had been put upon it before delivery, and he was liable as an original promisor.   *Martin* v. *Boyd*,

11 N. H. Rep. 385; *Baker* v. *Briggs*, 8 Pick. 122; *Moies* v. *Bird*, 11 Mass. 436. His rights are not changed by the fact that the defendant has negotiated the note, and placed his own name upon it as indorser.

This shows that the plaintiff has no cause of action.

*Judgment on the verdict.*