## MICHAEL HAHN v. SHELDON A. HULL, impleaded with CHARLES B. PARSONS.

If, in any case, one who writes his name on the back of a negotiable promissory note before the payee endorses the same, can be held liable to such payee as endorser; it is not sufficient, in a complaint by such payee, to aver, simply, that the defendant " endorsed the note to induce the plaintiff to accept the same."

Whether, in any case, such an endorser is liable in any other relation than as second endorser; or to any one, except to such as become parties to the note in order of succession subsequently to himself ? Quere. (a)

(a) In connection with the authorities commented upon in the discussion which follows, see the opinions of Roosevelt and Clerke, JJ., in Moore v. Cross and McGervey, reported in 23d Barb. S. C. Rep. 534. That case came before the Supreme Court, at a general term, in the first district. Of the three justices who were present at the argument, Justices Clerke and Davies assumed the negative of the proposition stated in the above head note; and Justice Roosevelt the affirmative. The court intimated an intention to order a re-argument. But ultimately, in view of the division of opinion in the court, it was determined, with the concurrence of Justice Mitchell, to affirm, pro forma, the judgment which the plaintiff had obtained upon the report of a referee, and thus leave the question to be settled by the Court of Appeals. The report in favor of a rec···v, and upon which the judgment had been entered, was presented by [illegible] Robinson. The complaint seems to have been in the ordin··· ··· ··· ··· ···ation by the holder against an endorser of a promis-sc·, ···, ··· ··· ··· alleged no special facts designed to anticipate the ob-··· ···

Hahn *v.* Hull.

APPEAL from a judgment rendered in favor of the plaintiff, upon a demurrer to the complaint. The pleadings are set forth, in substance, in the opinion of WOODRUFF, J. The following opinion was filed upon the decision of the issue, in the first instance, at a special term:

INGRAHAM, FIRST J.—1. The defendant, Hull, demurs to the complaint because it does not appear that Hull endorsed the note to the plaintiff. This was not necessary, because the note was made payable to the plaintiff, and is in his possession.

2. Because it does not appear that the note was ever delivered to the plaintiff. This question has been lately decided by the Superior Court, in *Griswold* v. *Laverty*, 12 Legal Obs. 316. The court says, actual possession of the note before maturity is *prima facie* evidence of ownership, and of the holder's right to recover upon it. If this is sufficient, when the holder's right to the note depends upon the endorsement, certainly a delivery may be presumed from a legal possession of the note, when the payee of the note is the plaintiff. And in 2 Selden, 209, the doctrine is distinctly settled by the Court of Appeals, that possession of the note upon the trial is sufficient evidence of the plaintiff's title.

Lastly, that there are not in the complaint facts sufficient to constitute a cause of action.

In *Hull* v. *Newcomb*, 7 Hill, 416, it was finally settled, that one who endorsed a note, payable to a third person, without a previous endorsement by such payee, could not be made liable as guarantor, but could only be held as endorser, and was entitled to proof of demand and notice. (See 2 Hill, 80; 3 id. 587.) This doctrine was reaffirmed by the Court of Appeals, in *Spies* v. *Gilman*, 1 Comst. 321. The complaint charges that Hull endorsed the note to induce the plaintiff to accept the same. The consideration of this note is to be presumed from the making and delivery. The averment that Hull endorsed for the purpose of inducing the plaintiff to take it, is equivalent to saying that it was endorsed by Hull

prior to its delivery to the plaintiff, and the subsequent allegation that the plaintiff is the lawful owner and holder of the note, makes out enough to sustain a recovery in his favor against Hull, if these facts are proven.

It would not be necessary upon the trial to prove any thing more to make out the plaintiff's case than the signatures, the demand and notice, and the endorsement by Hull as security for the maker, or to induce the plaintiff to take it. All these facts are stated in the complaint, and although a few more words would have made the whole free from objection, still I think, there is enough to make out a cause of action.

*Francis C. Bliss* and *Fairchild Wells*, for the appellant.

*James D. Clark*, for the plaintiff.

By THE COURT.   WOODRUFF, J.—The plaintiff in this action avers in his complaint that the defendant, Parsons, made his promissory note, whereby he promised to pay to the order of the plaintiff three hundred dollars, for value received, and that the appellant, "Hull, endorsed the said note to induce the plaintiff to accept the same." He then avers presentment at maturity, demand, non-payment by Parsons, and notice to Hull, and that he (the plaintiff) is now the lawful holder and owner of the said note.

To this complaint the defendant, Hull, interposed a demurrer, the grounds of which may be summed up in the claim that the complaint does not state facts sufficient to constitute a cause of action against him.

Judgment having been ordered for the plaintiff upon the demurrer at the special term, Hull appeals.

What liability is incurred by a party who writes his name upon the back of a negotiable promissory note (made payable to the order of a third person) before the same is endorsed by the payee, is a question that has occupied a large share of the attention of the courts of this state for more than forty

years. And the courts of others of the United States have been much occupied by the same question.

It has always appeared to me the safer and most consistent view of such an endorsement, to hold that a person so writing his name is to be taken to intend to become an endorser, subsequent to the payee of the note, and with all the rights incident to that situation.

SPENCER, J., in *Herrick* v. *Carman*, 12 J. R. 159, says: "The fact of his endorsing first in point of time can make no difference, for he must have known—and we are to presume acted on that knowledge—that though the first to endorse, his endorsement would be nugatory unless preceded by that of the payee of the note." And there it was held that the payees could not recover against one whose name had been thus endorsed on the note, although the payees had accepted the note and sold goods on the credit thereof, such endorsement being thereon at the time. But it is in the same case intimated, that "had it appeared that the plaintiff endorsed the note for the purpose of giving the maker credit with the payees, he would be liable to them, and his endorsement might have been converted into a guaranty to pay the note."

Following this suggestion is the case of *Nelson* v. *Dubois*, 13 J. R. 175, in which it is distinctly held, that when such endorsement is cotemporaneous with the delivery of the note to the payee, and is made for the security of the payee, and payable to him or bearer, he parting with property on the credit thereof, such endorsement is an absolute undertaking to pay the note, and that such endorser is as much liable as if he had signed the note.

Next, *Campbell* v. *Butler*, 14 J. R. 349, in which case the note was payable to the order of the payee, was decided in the same manner, to wit, that such endorsement was, in effect, a special guaranty, and that the payee might fill it up with an express undertaking to pay the note as guarantee.

In *Tillman* v. *Wheeler*, 17 J. R. 326, the court recognize the doctrine of the above cases. But although it appeared, as in *Nelson* v. *Dubois*, that the payees took the note and

parted with property, in reliance on the security of such an endorsement, yet it was held, that as it did not appear that the endorsement was made by the defendant for that purpose, he was not liable to the payees. "The legal presumption, (the court say,) from the appearance of the paper, is, that the defendant put his name on the note as second endorser, on the responsibility of the payee." But the court clearly intimate, that had it been also proved that such endorsement was intended by the defendant as a security to the payee, the latter might have recovered upon it as a guaranty of its payment.

But I do not intend to go through with all the cases in this state on the subject. It came at last to be held, following the Massachusetts cases, that such an endorsement not only amounted to a guaranty of payment, but that the endorser might be treated as a joint and several maker of the note itself.

In *Dean* v. *Hall*, 17 Wend. 214, a distinction was taken in reference to such an endorsement, between the case in which the endorser was privy to the original consideration, in which case, it is said, he may be charged as maker, and the case in which his endorsement was subsequent to the making, and he had nothing to do with the consideration in which he is held liable, only as a guarantor or endorser. In that particular case, the note being made payable to bearer, there seems to me no reason for regarding the endorsement as any other than an ordinary commercial endorsement, binding the defendant as endorser to any one into whose hands, after such endorsement, it should come; and such was the view of the court by whom, for the want of demand and notice, the defendant was held not liable.

And yet, if parol proof is admissible in any case to show that a blank endorsement was intended as an absolute undertaking to pay the note, I perceive no reason, founded in principle, why such evidence may not be given when the note is payable to A. B., or bearer, as well as where it is payable to A. B., or order. If the *prima facie* legal import of the con-

tract may be varied, yea, even contradicted, in the latter case, surely it might, I think, in the former.

Numerous cases followed in which it began to be doubted whether, in any case, such an endorsement could be regarded as the making of a note, or even as an absolute guaranty of its payment; and the like questions were agitated where the endorsement was not in blank, but was filled up in the form of a guaranty. Until, by the cases of *Durham* v. *Manrow*, 3 Hill, 533, and *Hall* v. *Farmer*, ib. 553, it is left, by the Court of Appeals, in great doubt whether, if such endorser writes over his name, in very terms, "I guarantee the payment of the within note," such guaranty is not wholly void by the statute of frauds, because no consideration is expressed therein, and the only alternative seemed to be, that to hold such a guaranty was, in effect, the making of a promissory note, the consideration whereof is to be found in the note upon which it is endorsed. If the mere signature imported such a guaranty, and be held valid as such, it is difficult to see why it should be less valid when words of guaranty in terms are endorsed and subscribed. And a distinction is, therefore, again taken between such an endorsement of a guaranty in form, made at the execution and delivery of the note itself, and an endorsement in the very same words, made subsequently to such making. This has something the appearance of reasoning in a circle. An instrument is produced. On the face of the instrument it is a guaranty of the payment of another man's debt; but first prove by parol that such is not its legal effect, and then you may give parol evidence that will alter its *prima facie* import.

This criticism does not conflict with the cases which allow the consideration of an instrument to be inquired into, or which allows one who has paid money on an accommodation note or an accommodation endorsement, to recover it back. Those cases do not seek to alter the import of the instrument itself, but rest on the well settled rule, that the consideration of an instrument not under seal, may always be inquired into.

In *Seabury* v. *Hungerford*, 2 Hill, 80, the doctrine that a blank endorsement of the description in question may be regarded as a guaranty or as a joint and several making of the note, is wholly repudiated, whenever the endorsement can take effect as an ordinary commercial endorsement. Thus holding, that in some cases at least, the endorsement is to be construed according to its *prima facie* legal import; and that, in such case, it cannot be changed by parol proof into a contract of a different kind. That case was one in which the note was payable to the plaintiff or bearer, and there was, therefore, no necessity that the payee should endorse it. It would pass even to him, and bind both maker and endorser to him as holder by delivery. The defendant was, therefore, held liable as commercial endorser, and on no other terms.

And, in *Hall* v. *Newcomb*, 7 Hill, 416, where such an endorsement appeared on a note payable to the plaintiff or order, it was held that the defendant was not liable as maker nor as guarantor; thus overruling all the previous cases to that effect. And this was so held, notwithstanding proof that the defendant was privy to the original consideration of the note, and wrote his name thereon for the accommodation of the maker, knowing that the maker was to procure money from the plaintiff thereon. No demand of payment or notice of non-payment was proved, and the plaintiff was nonsuited. The court, undoubtedly, held out the idea, that by a circuitous endorsement, without recourse, the plaintiff might have passed the note to himself and made title through the defendant's endorsement, and so have charged the defendant as endorser to himself, provided he had shown demand and notice to charge him as endorser. But this point was not necessarily decided. As there was no proof of demand and notice, the defendant was clearly not charged as endorser; and as the court decided that he was not liable as maker or as guarantor, that disposed of the controversy in that case, without inquiring further whether he could be made liable as endorser, except in the very order and manner in which he stands on the note related to the parties thereto.

The case of *Spies* v. *Gilman*, 1 Comst. 322, affirms the doctrine of *Hall* v. *Newcomb*, in a very strong case, in which the express purpose of the defendant's endorsement was shown to be, to give the maker credit with the plaintiff, and goods were delivered to the maker with the defendant's assent upon the faith of it.   It was still held that the defendant was not liable as maker or guarantor, and demand and notice to the defendant not being proved, he had judgment. Obviously, if he was not bound as endorser to the payee, the result would have been the same; and if he was, then the want of demand and notice exonerated him.   The case is, therefore, not inconsistent with the proposition, that you cannot, by parol proof, show that the endorsement was a contract to pay to the payee himself, in default of payment by the maker.

I have thus noticed a few of the cases in this state, and only a very small portion of those bearing on the question, for the purpose of showing the fluctuation in the course of decisions, as well as the reasoning upon which the decisions have been founded.

In *Ellis* v. *Brown*, 6 Barb. 282, the subject has been fully considered by Justices GRIDLEY and PRATT, the former denying that such an endorser can be made liable at all upon the note itself to the party to whose order it is payable, and in this he is sustained by the general term of the Supreme Court for the fifth district.   Justice PRATT dissented.   The numerous cases in this and some of the other states, bearing on this question, will be found referred to in the case last mentioned, and in those to which I have above referred.

And, to my mind, the case of *Brewster* v. *Silence*, 4 Selden, 207, in the court of last resort, carries with it a refutation of much that has been said in relation to the subject in the early cases.   In the case last cited, the note was in the usual form, to the order of the payee therein named, and the defendant wrote thereon as follows: " I hereby guarantee the payment of the above note," and subscribed his name.   Now, although it was specially found that this guaranty was signed

at the time of the making of the note, and that the consideration of the note was a pair of horses sold to the payee, a condition of which was, that the note should be guaranteed by the defendant, and was not consummated until the execution and delivery of the guaranty, and that the defendant at the time declared that the horses should be his till paid for, notwithstanding all this, it is held that the guaranty was void under the statute of frauds, because no consideration was expressed therein.

Now, in addition to what is above suggested, and what is ably argued in *Ellis* v. *Brown*, above referred to, is it true that the mere signature of the defendant, in the last case, would have been more available to the plaintiff than it was with the words above mentioned written over it ? If the words above used did not, in connection with the note, express the consideration, would his mere signature have done so ?

I am aware, it will be said, that having filled up his contract, nothing could be added to what the defendant signed; whereas, if his signature had been given in blank, it would have authorized a writing over it an undertaking corresponding with the intent of the parties, or the actual agreement made by parol, as has often been held of the blank endorsement of a note not negotiable. Much of that doctrine is overruled by the cases above referred to; indeed, if the signature can receive construction and effect as a commercial endorsement, it must be' so construed, and parol proof cannot be received to alter it. So far, I apprehend, the recent cases are conclusive; and, if the views of a majority of the judges in *Ellis* v. *Brown* shall prevail, it will soon be settled, if it is not already, that one who endorses negotiable paper in blank, shall only be held liable according to the *prima facie* legal import of his endorsement, in the very order in which it stands, and according to the relation in which his name appears thereon. Whatever rights to indemnity parties may have as against each other, when notes are made or endorsed for accommodation, to be indemnified by the party for whose benefit such making or endorsement

is advanced as a basis of credit, it seems to me that the contract, which such making or endorsement imports, should not be varied to suit whatever case parol evidence may be called to establish; and if it should happen that the written endorsement does not in any case correspond with the parol agreement, the remark, in substance, made in *Brewster* v. *Silence*, that it is no reason for doing violence to sound, safe and rational rules of law, that the parties failed to make a contract which is legally binding, and this is oftentimes the answer to an endeavor to show by parol that the agreement was other than the written contract expresses.

But if it be conceded, that in any case the endorser of a note drawn payable to the order of a payee therein named can be held liable as an endorser to him, I think the present is not such a case. The utmost that can now be claimed from the authorities, as they now stand, is, I think, that if it be shown that the intention of the endorser was to become security to the payee for the payment of the note, and the payee advanced money or property, or gave credit upon the faith of such security, the name may operate to bind the former as such endorser, he being for that purpose duly charged by a demand and notice of non-payment. If I could assent to this, the inquiry would remain, has the present plaintiff stated such a case?

All that is averred on this subject is, that the defendant, Hull, " endorsed the said note to induce the plaintiff to accept the same."

It is not averred that it was so endorsed as a security for the plaintiff, the payee. The consideration upon which it was given is not stated. It is not averred that the plaintiff advanced money or property, or even gave credit upon the faith of such endorsement; nor is it averred that the endorsement was made with any other intent than exactly what appears upon the face of the instrument, nor are any facts alleged sufficient to rebut the presumption stated by Judge STORY, as follows: " Where a negotiable note is endorsed in blank, by a person not being the payee, or a prior endorsee, then, in the

absence of controlling proof, it is presumed that such person means to bind himself in the character of an endorser, and not otherwise, and precisely in the order and manner in which he stands on the note." (Story on Prom. Notes, § 480.) And as held in *Merrill* v. *Carman*, above referred to, "the fact of his endorsing first, in point of time, can make no difference." All that the pleader professes here to give, is a motive for the endorsement, not an averment of an intent inconsistent with the presumption above stated. The defendant no doubt had a motive to do just what he did do, and just what he intended to do, and that was, "in the absence of controlling proof, to bind himself as endorser, precisely in the order and manner in which he stands on the note." This is the presumption, and there is no averment of any other intent, or of any other agreement between the parties. If we were called upon to speculate on the subject, we might suggest various purposes for which just such an endorsement would be useful to the payee, but that is unnecessary. If the endorsement was claimed to be made with any other intent, the plaintiff should have so averred.

In my opinion, the plaintiff here fails to show that the defendant endorsed the note with any other effect than to bind him to such persons as should become parties to the note subsequent to himself, in order of succession, as among parties to commercial paper generally, and that he is not, by reason of any thing appearing in this complaint, liable to the payee upon the note in question.

I think, therefore, the judgment should be reversed.

DALY, J., concurred.

Judgment reversed, with costs; and judgment ordered for the defendant on the demurrer, with leave to the plaintiff to amend upon payment of costs.