*Hartford,*
June, 1816.

Chalker
*v.*
Dickinson.

---

## STOCKING *against* SAGE and others.

THIS was an action of *assumpsit.* The declaration, consisting of two counts substantially alike, stated, that in 1799, the defendants owned the schooner *Fox*, fitted her out for a voyage, constituted the plaintiff master, and directed him to make as good a voyage as he could for the owners; that the plaintiff proceeded to *Martinique*, sold his outward cargo, and remitted part of the proceeds to the owners; that while in *Martinique*, the plaintiff agreed with Messrs. *Kiquandon* & Co. of that island, to proceed to *North-Carolina*, there to purchase for them a deck load of cattle, and to return therewith to *Martinique*, the cattle to be at their risk, and the freight to be paid for by them; that *Kiquandon* & Co. advanced to the plaintiff 1030 dollars to purchase this cargo; that the plaintiff proceeded to *North-Carolina*, bought the cattle, and set sail for *Martinique*; that on his return to that

Where an agent, acting in the service and for the benefit of his principal, is subjected, without any fault of his own, to a loss, by means of a groundless suit brought against him by a third person, such loss will constitute a sufficient consideration to support a promise by the principal to indemnify the agent.

A promise made by a principal to his agent to indemnify the latter for a loss sustained by him in the principal's service, occasioned by the wrongful act of a third person, is not a promise *to answer for the debt, default or miscarriage of another person*, within the statute of frauds and perjuries.

Where one of several facts stated in an action of *assumpsit* as the ground of the defendant's liability, is an express promise, it may be proved by parol, like any other fact, though made more than three years before action brought.

Where a deposition was taken by commission in a foreign country, and the commissioner certified, that the witness was *duly sworn*, without shewing by whom, or in what manner; it was held to be admissible.

island, the vessel was captured by a *French* privateer ; that the plaintiff retook her, but owing to the perils of the sea, was obliged to go to *Antigua,* and there sell the cattle for about sufficient to pay the freight and charges ; that the plaintiff returned to *Middletown,* informed the defendants of these facts, and claimed a right to retain the sum of 1500 dollars, being the avails of the cattle, until he could settle with *Kiquandon* & Co., but the defendants claimed the money as belonging to them ; that the plaintiff thereupon paid over said sum to the defendants, and the defendants, in consideration of the premises, then and there promised to indemnify him against all cost, charges and damages, which he might sustain on account of his said contract ; that in 1810, the plaintiff was attached in *Martinique* by *Kiquandon* & Co. on said contract, but obtained final judgment in his favour against them ; that in defending that suit, he expended the sum of 500 dollars for fees of counsel, interpreters and notaries, and the sum of 300 dollars in obtaining testimony, and devoted two months of his own time to the preparation of the cause ; that *Kiquandon* & Co. were, and continue to be, bankrupts ; and that by reason of the premises, the defendants became liable, and in consideration thereof, assumed and promised, &c. The action was commenced in *September,* 1814.

The cause was tried at *Haddam, December* term 1815, before *Trumbull, Baldwin* and *Ingersoll,* Js.

On the trial, the plaintiff offered parol evidence in support of a promise alleged to have been made by the defendants to indemnify him against such damages and expenses as he might sustain on account of his contract with *Kiquandon* & Co., as set forth in the declaration ; to which the defendants objected, on the ground that such promise could not be proved by parol ; but the court over-ruled the objection, and admitted the evidence. The plaintiff also offered in evidence the depositions of *Silas Marceau* and *Clavery Grard* of *Martinique,* taken there by *Timothy Savage,* under a commission from the superior court of this state ; to the admission of which the defendants objected, because the only evidence that these depositions were legally taken was *Savage's* certificate to the following effect : " By virtue of the commission to me given, I have taken the depositions of *Silas Marceau* and *Clavery Grard,* and I hereby certify, that

said witnesses *were duly sworn*, and that their answers have been reduced to writing as they were given before me, and the same, as reduced to writing, are enclosed herein, and according to the directions of my commission." This objection was over-ruled by the court, and the depositions were read to the jury.

A verdict being found for the plaintiff, the defendants moved for a new trial, on the ground that the evidence objected to ought not to have been received. This motion was reserved for the consideration and advice of the nine Judges.

The defendants also brought a writ of error on the judgment of the superior court, assigning for error, that the plaintiff's declaration was insufficient.

*T. S. Williams* and *Clarke*, in support of the motion and writ of error, contended, 1. That the promise set forth in the declaration was within our statute of frauds and perjuries ;(*a*) and could not, therefore, be proved by parol. First, it was a promise to answer for the debt, default or miscarriage of another person.(*b*) Secondly, the plaintiff's action was not brought within three years after the agreement was entered into.(*c*)

2. That the depositions of *Marceau* and *Grard* were not properly taken. The certificate of the commissioner only shewed that *in his opinion* the witnesses " were duly sworn." It did not state *what oath* was administered to them, nor *by whom* it was administered, nor *under what solemnities* it was taken. Enough should be shewn to enable *the court* to judge whether the witnesses were duly sworn. *Welles & al.* v. *Battelle & al.* 11 *Mass. Rep.* 481.

3. That the declaration was insufficient for want of a legal consideration to support the promise of indemnity therein stated. A contract of indemnity requires a consideration as well as any other contract. The payment of money by an agent to his principal, which he could not retain without a

(*a*) *Tit.* 75.

(*b*) *Sect.* 1. corresponding to the *English* stat. 29 *Car.* 2. c. 3. s. 4.

(*c*) *Sect.* 2. This section provides, " That no suit in law or equity, shall be brought or maintained upon any contract or agreement, that shall hereafter be made, and not reduced to writing as aforesaid, (*i. e.* as in the first section) but within three years next after entering into or making the same."

breach of trust, and which the principal could by suit compel him to pay, forms no consideration for a promise of indemnity. Nor were the defendants under a moral obligation to indemnify the plaintiff against the unjust suit of *Kiquandon & Co.* Suppose they had beaten the plaintiff; would any rule of morality require the defendants to remunerate him for his sufferings?

*Sherman* and *C. Whittelsey,* contra, were proceeding to shew that the declaration was good, when they were interrupted by the Court, and informed, that the only point in the case on which the Court wished to hear further argument was, whether the action was barred by the limiting clause (*sect.* 2.) in the statute of frauds and perjuries. They then contended, that the promise of indemnity alleged to have been made by the defendants in 1799, was only a part of the *res gesta,* from which the law implied the subsequent promise to pay; or, as the latter promise must now be taken to be an express one, the former, in connexion with the facts stated, may be considered as forming the consideration of the latter, on which the action is brought. The statute is inapplicable to the former, because the action is not brought upon it; and to the latter, because it was made within three years.

SWIFT, Ch. J. I am of opinion there is no error in the judgment complained of; and no reason for granting a new trial.

When an agent, acting faithfully, without fault, in the proper service of his principal, is subjected to expense, he ought to be reimbursed. If sued on a contract made in the course of his agency pursuant to his authority, though the suit be without cause, and he eventually succeeds, the law implies that the principal will indemnify him, and refund the expense. For this he can maintain an action of *indebitatus assumpsit*; and the proof of these facts will be sufficient to warrant the jury to find the promise.

Such implied agreement is not within the statute of frauds and perjuries.

In the writ of error, it cannot be known by the court, but that the plaintiff relied upon, and proved, an express, written contract.

On the motion for the new trial, the admission of parol proof to an express contract was immaterial; because it was not necessary to prove an express contract; for the plaintiff could rely on the implied promise, which was not affected by the statute of frauds and perjuries. If the testimony, though improperly admitted, was immaterial, it can be no ground for a new trial.

The deposition was taken in a legal manner.

TRUMBULL, EDMOND, SMITH, BRAINARD, BALDWIN, and GODDARD, Js. were of the same opinion.

GOULD, J. On the writ of error, the promises, laid in the two counts, must be taken as express: and the only question is, whether a sufficient consideration appears upon the face of the declaration. Upon this point, I cannot discover how a doubt can be raised. That a loss incurred by the plaintiff without any fault of his own, in consequence of his acting as an agent of the defendants, and for their benefit, will constitute a consideration, to support an express promise of reimbursement, on their part, seems to me not to admit of question. The old rule as to the insufficiency of a consideration, *past and executed*, has been somewhat relaxed by modern decisions. 3 *Burr.* 1671, 2. 2 *Stra.* 933. *notis.*; but even according to the utmost rigour of that rule, the consideration, in this case, appears to me above all exception: for the promises here are *coupled*, if not with the previous retainer of the plaintiff, as master of the schooner, yet certainly, as I conceive, with a subsequent adoption and ratification, by the defendants, of his acts, as their agent. Because, by claiming, and receiving the 1500 dollars, (the avails of the voyage to *North-Carolina*,) as *theirs*, they, of course, recognized and sanctioned the adventure, by which those avails were acquired. Indeed, the payment of this money to the defendants, upon their demanding it, was, upon any possible supposition, a sufficient consideration. Before it was paid over, it was their property, or it was not. If it was theirs, it could have been so, only upon the supposition, that the voyage to *North-Carolina* was undertaken by their authority, and of course, at their special *instance and request:* for they could not recognize the adventure as their own, for the purpose of asserting a *right*,

*Hartford,*
*June, 1816.*

Stocking
*v.*
Sage.

and, at the same time, disclaim it, to avoid a *duty*, or *liability.* And a *subsequent* promise, coupled with a *previous* instance and request, is undoubtedly good. *Cro. Eliz.* 42. 282. *Cro. Jac.* 18. 3 *Salk.* 96. 3 *Burr.* 1671. If, on the other hand, the money was not theirs; there could never be a doubt, that the payment of it to them, was a sufficient consideration to support a promise of indemnity.

Under the motion, the exceptions, taken by the defendants, are resolvable into two: 1. That the depositions of *Marceau* and *Grard* were not taken in legal form: 2. That parol evidence was admitted to prove a promise, made more than three years before action brought. I confine myself to these two exceptions, because that clause of the statute of frauds, which relates to agreements, to answer for the " debt, default, or miscarriage of another," has clearly no concern with the case. The agreement stated was a mere promise of *indemnity*, made, not to any third person, claiming *against* the plaintiff, for any supposed " debt, default, or miscarriage," but to *himself.*

As to the first exception; it may be observed, that objections of this kind are never favoured, where, to every substantial purpose, a deposition appears to have been *fairly* taken. But in the present case, I can discover no defect, even in form. The caption is agreeable to well established usage, and as precise as any rule of practice requires.

With regard to the admission of the parol evidence, it is sufficient to say, that the action, (as the case is presented upon the *motion*,) was not founded upon any express promise. The promise was only a part of the *res gesta*, and proveable, of course, like any other *fact*, from which an implied promise might arise.

HOSMER, J. gave no opinion, having been of counsel in the cause.

Judgment affirmed. New trial not to be granted.