## JOHN E. DEAN v. FREDERICK ROESLER.

A sealed agreement of lease, signed by an agent in his own name, describing himself as "agent" of the owner of the premises, does not bind the owner.

A special agreement under seal, executed by an agent, must appear on its face to be the contract of the principal, or the principal will not be bound.

In an action by lessee against lessor, to recover damages for failure to give possession, the rule of damages is the difference between the yearly value of the premises and the rent reserved.

It is erroneous, in such action, to receive evidence of the amount plaintiff has been compelled to pay to obtain premises, instead of those leased him by defendant.

In an action tried before a referee, evidence on the question of damages, which, under the proper rule was incompetent, was offered and objected to, but was taken down by the referee, subject to the objection; and he afterwards considered it in awarding damages. Exceptions were filed to his decision, one of which was that the decision was "contrary to the law and evidence;" but no exception was taken specifically to the rule of damages adopted.

*Held*, on appeal, that the court would review the decision of the referee in respect to the measure of damages adopted by him.

APPEAL by defendant from a judgment entered on the report of a referee. The action was for damages, for failure of defendant, as lessor, to give plaintiff possession of premises leased.

On the trial before the referee, the plaintiff produced a written lease under seal, the form of which was as follows:

" This is to certify that I have let and rented unto Mr. John E. Dean—[Here follows description of premises, amount of rent, &c.]

(Signed) "G. BOLLET, [L. S.]

" Agent for D. Roesler."

Dean v. Roesler.

There was also proof of a letting by Bollet, as agent of Roesler, independent of this agreement; and evidence was also introduced tending to show that he was duly authorized as such agent.

The facts in regard to the rule of damages followed by the referee appear sufficiently in the opinion of the court.

*T. C. T. Buckley*, for the appellant.

*J. D. McGregor*, for the respondent.

BRADY, J.—I think the agreement in writing, signed by Bollet, did not bind the defendant. Story on Agency, § 147. The agreement must purport on its face to be that of the principal, which is not the case in the contract produced. A more liberal exposition is allowed in cases of *unsolemn* instruments, and especially of commercial and maritime contracts, which are usually drawn up in a loose and inartificial manner. Story, § 154. Accordingly, where an agent, duly authorized, made a note thus, "I promise to pay I. S. or order," and sign d it "Pro C. D., A. B.," it was held to be the note of the principal, and not of the agent (*Long* v. *Coburn*, 11 Mass. R. 97); but a note drawn thus, "Four months after date, I promise," &c., and signed "David Hubbell Hoyt, agent for the Churchman," was declared to be the promise of the agent, and not of the principal, although Hoyt was duly authorized to make and sign the note. *De Witt* v. *Walton*, 5 Selden, 570, opinion of Gardiner, J. The rule which prevails in Massachusetts does not, therefore, exist in this state. See, also, *Moss* v. *Livingston*, 4 Comstock, 208. Bollet, the agent, proved the letting, however, independently of the written agreement. It was for a year, to commence *in futuro*, and was valid for the term by parol (*Young* v. *Dake*, 1 Seld. 463), and the authority of the agent, granted by parol, was sufficient to enable him to bind his principal. *Warrell* v. *Munn & Prall*, 1 Seld. 229. In reference to his authority the testimony was conflicting, and the decision of

the referee, therefore, is binding. The difficulty, however, of sustaining the judgment arises upon the measure of damages adopted by the referee. He allowed to the plaintiff the difference between the rent of the premises alleged to have been hired by him from the defendant and the rent which the plaintiff paid for other premises, which he was compelled to hire. This was erroneous. The rule of damages is the difference between the yearly value of the premises and the rent reserved. *Trull* v. *Granger*, 4 Seld. 115; *Schwartzwaelder* v. *Brace*, Dec. 1847 (Com. Pleas). The testimony as to the rent of the premises secondly hired by the plaintiff was objected to, and the answer taken subject to the objection; but the answer was regarded as evidence by the referee. Exceptions to the decision of the referee, upon which the judgment is founded, were taken, but none specifically to the measure of damages adopted by him. It is insisted that the omission estops the defendant from claiming a review of the judgment of the referee in that respect. In *Hunt* v. *Bloomer* (3 Kern. 341), the Court of Appeals, per Comstock, J., decided that the exceptions to be taken, within ten days after notice of the judgment, as provided by section 268 of the Code, are those only which, under the former system of practice, were made to the rulings of the court after the evidence was closed, and that a case, if served within ten days, will be of itself a compliance with *the first clause* of the section, and no other exceptions will be required. The testimony, on which the judgment of the referee as to damages is based, was taken subject to objection, and no exception thereto appears in the case. The exceptions taken after notice do not refer to the admission or use of that testimony by the referee, who, having admitted it subject to objection, did so, doubtless, with a view to examine its admissibility; but the fourth exception being, that the decision of the referee was contrary to the evidence and contrary to law, and the objection to the testimony appearing in the case, and the referee having decided to admit the testimony objected to, we think the question thereon presented must be considered. As already suggested, it

is fatal, and the report must be set aside, and case sent back to the referee.

INGRAHAM, FIRST JUDGE.—I concur with Judge Brady in the order reversing the judgment. I am not prepared to say, however, that the parol evidence of an agreement, which was afterwards reduced to writing, was properly admitted. We are agreed that the sealed instrument did not bind the defendant; and if the parol evidence of the agreement prior to its submission to writing is improper, there is nothing to show the defendant's liability. It is not necessary, however, to discuss that question at present.

Judgment reversed, and case referred back to referee, costs to abide the event.