## EDWIN REDFIELD vs. DESIRE W. HAIGHT.

A, by a written contract with B, agreed to assume and pay certain debts of B, and C executed to B a collateral contract upon the same paper of the following tenor : " In consideration of one dollar to me in hand paid, I hereby guarantee the full and fair performance of the covenants and agreements mentioned in the foregoing instrument on the part of A."—Held that this contract of C was not a mere contract of indemnity, but an absolute guaranty, and that upon the breach of A's contract, B could immediately maintain an action against C.

Where a judgment had been recovered against B on one of the debts which A had agreed to pay, it was held that B could not recover of C, in an action on the guaranty, the amount of the costs recovered against him in the judgment, the measure of the damages against C being simply the amount of the debts which A had agreed and had neglected to pay.

In a declaration on the above guaranty, the consideration of the defendant's promise was alleged to be " one dollar," as expressed in the contract. The proof showed the actual consideration to be different. Held, that there was no variance.

Parties in such a case are taken to have agreed that the actual consideration shall be estimated in money at the sum expressed as the consideration in the contract.

And where parties have agreed that a legal consideration shall assume such a form for the purposes of the contract, they are estopped from denying, in an action on the contract, that it was in fact such.

ASSUMPSIT, on a guaranty,—tried to the jury on the general issue.

The plaintiff, who resided in Greenwich in this state, had formerly been in partnership with one Joseph Haight, the son of the defendant, in New Rochelle in the state of New York, under the name of Redfield & Haight, and had afterward purchased the interest of Haight in the partnership and carried on the business alone. On the 8th day of August, 1854, a contract was made between the plaintiff and Haight, at New Rochelle, by which the plaintiff sold to Haight all his interest in the business, with the stock of goods on hand, and the accounts due him, and Haight agreed to assume and pay all the liabilities of the plaintiff in connection with said business, and all the remaining liabilities of the old firm of Redfield and Haight. This contract was in writing, and the promise of Haight with regard

to the assumption of the debts referred to, was in the follow-
ing words : "And the said Joseph Haight hereby further
agrees, in consideration of the premises, to assume, and does
hereby assume, the payment of the liabilities and debts of
the firm of Redfield & Haight,—that is, the liabilities of the
said firm contracted for goods, wares, and merchandize for
said business, and the liabilities and debts of the said Ed-
win Redfield, contracted and incurred for goods for the said
business so conducted by him alone, a schedule of which
debts and liabilities is hereto annexed."

To this contract was appended, upon the same paper, the
guaranty of the defendant upon which the present suit was
brought, and which was as follows :

" In consideration of one dollar, to me in hand paid, I
hereby guarantee the full and fair performance of the cov-
enants and agreements mentioned in the foregoing instru-
ment on the part of Joseph Haight.   Dated August 8, 1854.
Desire W. Haight."

Nelson Sherwood, a creditor who was named in the sched-
ule appended to the contract, afterward brought an action
in this state against Redfield and Haight for the recovery of
his claim against them, attaching the land of Redfield, and
subsequently, during the pendency of the present suit, recov-
ered against them a judgment, which had not been paid.
At the time when that suit was brought, Haight was, and
had ever since been, insolvent.   Sherwood, during the pen-
dency of the present suit, also recovered judgment against
Redfield in New York for one of his individual debts which
Haight had promised to assume, which judgment Redfield
had paid.   Sherwood, before bringing the suits, had de-
manded payment of the debts from Redfield, and the latter
had given notice of the fact to Haight, requesting him to
pay the debts, and had informed the defendant that Sher-
wood was about to sue, and had requested her to pay the
debts and save him harmless.   Redfield made no defense to
the suits, knowing of none that could be made.   Haight
defended the first named suit on his own account.   Imme-
diately after the bringing of the New York suit, Redfield

told Haight that he knew of no defense to it, but offered to let him defend in his name, upon giving him indemnity against costs; but Haight gave none, and did not offer to make defense. The declaration in the present case contained no averment as to the costs recovered by Sherwood in his suits. All the other debts named in the schedule appeared to have been paid by Haight. The plaintiff claimed that upon these facts he was entitled to recover in this suit the whole amount of said two judgments, both debt and costs, and requested the court so to charge the jury. The defendant claimed that her undertaking was one of indemnity merely against damage, and that the plaintiff could not recover in this action without showing, either that he had sustained absolute damage, or that there was a fixed legal liability on the part of Haight to pay the debts mentioned in the schedule before the commencement of this suit; and that the plaintiff could not, in any event, recover the amount of the costs embraced in the judgments recovered by Sherwood; and the defendant requested the court so to charge the jury.

The court instructed the jury that the undertaking of the defendant was " not one of indemnity merely, but was coextensive with that of Joseph Haight; that he agreed to pay the debts in question,—she, that his promise should be performed; that her obligation therefore was to see that the debts were paid according to the tenor and effect of Joseph's agreement, and that for any default on his part she immediately became liable; and that if she became liable to pay the debts she was also liable to pay the costs made in enforcing their collection.

The defendant, claiming that the contract was to be governed by the law of the state of New York, offered in evidence a statute of that state, which provides that " every special promise to answer for the debt, default, or miscarriage of another person " shall be void, " unless such agreement, or some note or memorandum thereof, expressing the consideration, be in writing, and subscribed by the party to be charged therewith." She also offered evi-

dence to prove that the plaintiff never agreed to pay and never paid to her the one dollar mentioned in the guaranty as the consideration thereof, or any other valuable consideration whatever. This evidence was temporarily received subject to objection, and the court afterwards, in opposition to the request of the defendant, instructed the jury that if the defendant executed the guaranty to induce the plaintiff to sell the property to Haight, and the plaintiff had parted with his property under that inducement and in reliance on the guaranty, she was estopped from saying that she had not received the consideration expressed in the guaranty.

The declaration contained three counts. In the third the consideration of the guaranty of the defendant was averred to be " one dollar to her then and there paid by the plaintiff." The jury returned a verdict for the plaintiff on this count only. The defendant thereupon moved for a new trial for errors in the rulings and charge of the court.

*Minor* and *Treat*, in support of the motion.

1. The undertaking of the defendant is one of indemnity merely ; consequently no action can be maintained by the plaintiff until he has sustained actual damage. If the promise of the defendant be anything more than a promise to indemnify, it is, at most, only a guaranty against fixed legal liability, and there is no breach until the demand against the plaintiff and Joseph Haight is certain and liquidated. *La-throp* v. *Atwood*, 21 Conn., 117. *In re Negus*, 7 Wend., 499. *Douglass* v. *Clark*, 14 John., 177. *Churchill* v. *Hunt*, 3 Denio, 321. *Hall* v. *Farmer*, 5 id., 484. *Gilbert* v. *Winan*, 1 Comst., 550. *Aberdeen* v. *Blackmar*, 6 Hill, 324.

2. The costs recovered in the Sherwood suits can not, in any event, be recovered against this defendant. The defendant has not promised to pay these costs. The plaintiff avers no damage for costs, and none had been in fact incurred when this suit was brought.

3. The guaranty must be construed and governed by the laws of the state of New York where it was made. By those laws the guaranty is void, because the consideration is not expressed in writing, and is not sufficient. *Glen Cove Ins.*

*Co.* v. *Harold*, 20 Barb., 298. *Bennett* v. *Pratt*, 4 Denio, 275, 81, 84. *Hall* v. *Farmer*, supra. *Brown* v. *Curtis*, 2 Comst., 233.

4. The defendant is not estopped from denying the receipt of the consideration expressed. To constitute an estoppel three things appear to be necessary ;—1st, misrepresentation of an important fact or willful silence with regard thereto; 2nd, that one party, having no means of information, was, by the conduct of the other party induced to do what he otherwise would not have done ; 3d, that the party under this inducement has changed his position for the worse. These elements of an estoppel do not exist in this case. *Whittaker* v. *Williams*, 20 Conn., 98. *Dyer* v. *Cady*, id., 563. *Brinegar* v. *Chaffin*, 3 Dev., 108. *Brewster* v. *Striker*, 2 Comst., 19. *Lawrence* v. *Brown*, 1 Selden, 394.

*Hawley* and *Loomis*, contra.

1. The plaintiff could recover without having paid the debts in question before action brought—the contract being, not a mere contract of indemnity, but a contract to assume the debts so as to exonerate and discharge the plaintiff. *Cutler* v. *Southern*, 1 Saund., 117, n. 1. *Holmes* v. *Rhodes*, 1 Bos. & P., 638 & n. *Churchill* v. *Hart*, 3 Denio, 321. *Thomas* v. *Allen*, 1 Hill, 145. *Port* v. *Jackson*, 17 Johns., 239. *Carr* v. *Roberts*, 5 B. & A., 78. *Lethbrydge* v. *Mytton*, 2 ib., 772. *Saltoun* v. *Fraser*, 1 Bing., 433. *Lathrop* v. *Atwood*, 21 Conn., 117.

2. The plaintiff was entitled to recover the costs. In reference to both suits he had given notice to Joseph Haight and to the defendant. The costs in the suit against Redfield and Haight were made by Haight alone; and in relation to the other suit, the plaintiff offered to permit him to defend, but he made no defense, and it is not pretended that any could have been made. The plaintiff knew of no defense against either suit and made no costs by defending against either. *Seaver* v. *Seaver*, 6 C. & P., 673. *Kip* v. *Brigham*, 7 Johns., 168. *Waldo* v. *Long*, id., 173. *Armstrong* v. *Percy*, 5 Wend., 539. *Lewis* v. *Peake*, 7 Taunt., 153. These costs

are recoverable by the very language of the contract. *Blasdale* v. *Babcock*, 1 Johns., 517.

3. The consideration of the contract was sufficiently stated without reference to the expressed consideration of one dollar. *Leonard* v. *Vredenburgh*, 8 Johns., 29. *Rogers* v. *Kneeland*, 10 Wend., 219, and 13 id., 114. Chitty on Con., 397, 518, 519, 520. *Stead* v. *Liddard*, 1 Bing., 196. *Coe* v. *Duffield*, 7 Moore, 252. *Dobell* v. *Hutchinson*, 3 Ad. & El., 355. *Jackson* v. *Lowe*, 1 Bing., 9. *Bandy* v. *Cartwright*, 20 E. L. & E., 374. *Sanderson* v. *Jackson*, 2 Bos. & P., 238. *Gates* v. *McKee*, 3 Kernan, 232. *Lawrence* v. *McCalmont*, 2 How., 426. The contract, though made in New York, was made to an inhabitant of Connecticut, and should be construed according to our laws. Under the third count the defendant was, upon the facts submitted to and found by the jury, estopped to deny the consideration expressed in the guaranty. *Brown* v. *Wheeler*, 17 Conn., 345, 353. *Roe* v. *Jerome*, 18 id., 138, 153. *Middletown Bank* v. *Jerome*, id., 443. *Cowles* v. *Bacon*, 21 id., 451. *Lawrence* v. *McCalmont*, 2 How., 452. The defendant's obligation was coextensive with that of Joseph. *Breed* v. *Hillhouse*, 7 Conn., 523. *Hammond* v. *Gilmore*, 14 id., 479.

ELLSWORTH, J. From the motion it appears, that on the 8th day of August, 1854, Joseph Haight, the son of the defendant, purchased the plaintiff's interest in the company of Redfield and Haight, and the further interest of the plaintiff in the business which he had carried on alone for the two months preceding. The said Joseph was, by the contract under which the sale was made, to assume and pay all the outstanding debts of both Redfield and Haight, and of the plaintiff alone. In order to bring about the purchase, the said Joseph agreed to procure the defendant to guarantee the fulfillment of his contract, and this he did by obtaining her signature to an agreement endorsed at the time on the back of the contract of sale by the plaintiff to the said Joseph, in the following words : " In consideration of one dollar to me in hand paid, I hereby guarantee the full and fair performance

of the covenants and agreements mentioned in the foregoing instrument on the part of Joseph Haight."

No claim is made except for the non-payment of a debt of some $1,500 due in part from Redfield and Haight and in part from the plaintiff, to Nelson Sherwood, which is one of the debts specified in a schedule attached to the instrument of sale.

This debt the said Joseph and the defendant have neglected to pay, and the former is insolvent. The plaintiff has been sued for it and judgment recovered, and some part of the money has been paid by the plaintiff since suit brought.

The defendant objects to a recovery against her, upon said guaranty, on the ground that her contract is one for indemnity merely, and that when the action was commenced the plaintiff had not been damnified; having at that time paid no money nor sustained any loss absolutely, nor in fact was there, as she claims, at that time any fixed and adjudged liability against said Joseph.

Very little has been said and little or nothing could be said on the latter part of this objection, viz., the want of a fixed and adjudged liability of said Joseph. The defendant's contract is not one of indemnity, but an absolute guaranty, and was broken at once when said Joseph neglected to perform his contract; and it was not for him to say that he did not know of this debt and was not bound to assume it and pay it until after suit and judgment. He had engaged to do it within a reasonable time; and the defendant had engaged that it should be so done. That this is the character of the defendant's undertaking is, we think, clear beyond all question, and equally so, whether we look at the point with reference to legal principles, or to authorities.

An agreement in the words of the instrument in question is strictly a guaranty,—a contract that some particular thing shall be done just exactly as it is agreed to be done, whether it is to be done by one person or another, and whether there be a prior or principal contractor or not. And notice of the breach in such a case, where a third person is to do the act guarantied, generally need not be

given before suit; because knowledge of the default is as open to the inquiry of the person who has given the guaranty, as to the one who is guarantied. So this court held in *Hammond* v. *Gillmore's Admr.*, 14 Conn., 480. Numerous cases are there cited to the same effect. That such is the nature of a guaranty is settled in *Williams* v. *Granger*, 4 Day, 444. *Breed* v. *Hillhouse*, 7 Conn., 524. *Willey* v. *Leeds*, id., 302. *Craft* v. *Isham*, 13 id., 34. *Elton* v. *Johnson*, 16 id., 253. *Lathrop* v. *Atwood*, 21 id., 124. *Hammond* v. *Gilmore's Admr.*, supra. *Cooper* v. *Dedrick*, 22 Barb., 516. *Read* v. *Cutts*, 7 Greenl., 192. *Gates* v. *McKee*, 3 Kern., 232. *Tillman* v. *Wheeler*, 17 Johns., 326. 2 Am. Lead. Cas., 93.

The defendant however insists that her agreement is not a guaranty, but merely a contract to indemnify the plaintiff. If this be so, we do not deny the soundness of her conclusion. In such a case there must be absolute damage before bringing suit. But, as we have already said, she is mistaken in the character of her undertaking. Her principal covenanted that he would assume and did thereby assume the payment of the liabilities and debts of the firm of Redfield and Haight and the debts contracted by the plaintiff in the same business continued; and so in another part of the instrument, it is said that the said Joseph is to release and discharge the plaintiff from all liability for said debts. He has, it is conceded, left the debt due to Mr. Sherwood just as it was, unassumed and unpaid. The true and acknowledged distinction between a guaranty and a contract of indemnity is well laid down in *Cutler* v. *Southern*, 1 Saund., 116, that " when a condition is to discharge or acquit the plaintiff from a bond or other particular thing, *non damnificatus* is not a good plea, but the defendant should set forth affirmatively the special matter of performance ; but if the condition be to acquit from damage merely, such a plea is good and effectual."

The case of *Port* v. *Jackson*, 17 Johns., 239, is in point. There the court say : " The covenant is not that the defendant shall indemnify the plaintiff against any damage he may sustain, but it is express and positive that the defendant will

pay the rent." So in *Ex parte Negus*, 7 Wend., 499, the court say : " Whether an action lies or not, depends upon he true intent and meaning of the covenant; if it is simply to indemnify and nothing more, then damages must be shown before the plaintiff can recover, but if there is an affirmative covenant to do a certain act, or pay certain sums of money, then it is no defense in such an action to say the plaintiff has not been damnified. * * * Here Negus assumes the debts of the partnership ; he makes them his own individual debts ; he is the person to pay them." Where there is a positive agreement to do the act which is to prevent damage to the plaintiff, then action will lie if the defendant neglects or refuses to do such act. See *Chace* v. *Hinman*, 8 Wend., 452. *Thomas* v. *Allen*, 1 Hill, 145. *Aberdeen* v. *Blackmar*, 6 Hill, 324. *Booth* v. *Starr*, 1 Conn., 244.

But we need not go abroad for the law on this point. The doctrine is no where adjudged and commented upon better than in *Lathrop* v. *Atwood*, 21 Conn., 125. There the plaintiff sold out to his former partner and one Crouch all his interest in the old firm. The new firm took every thing that the former owned, and agreed to make and deliver to the plaintiff, in consideration of the sale, a certain quantity of spectacles, from time to time, and to pay all the debts of the old firm and save the plaintiff harmless. The new company partially performed their contract and failed, leaving certain debts unpaid and undischarged. The court held that the plaintiff, having given the defendants a reasonable time for performance and they not having performed, had a good cause of action. The defendants insisted there as here that the promise was one for indemnity merely, and that as the plaintiff had sustained no absolute loss he ought not to recover, but the court thought otherwise, and in giving their opinion, they lay down this as the received doctrine : " If a condition, covenant or promise be only to indemnify and save harmless a party from some consequence, no action can be maintained for the liability or exposure to loss, nor until actual damage susceptible of appreciation and estimate has been sustained by the plaintiff. But if the promise or covenant be to per-

form some act for the plaintiff's benefit, as well as to indem-
nify and save harmless from the consequences of non-per-
formance, the neglect to perform the act, being a breach of
contract, will give an immediate right of action." We con-
sider that case to be decisive of this, and shall therefore
dwell no longer upon the point, but proceed to consider the
question of variance which the defendant makes in the case.

The third count upon which the plaintiff obtained his ver-
dict, states the consideration of the defendant's guaranty to
be one dollar. The guaranty itself says the same thing.
But it came out in proof in the progress of the case, that the
actual consideration of the sale was the contract of the sale
itself, upon the terms contained in the instrument of sale,
and not the literal paying over and receiving of a dollar in
money. This the defendant insists is a variance and fatal to
this count. We consider this an incorrect view of the mat-
ter. Could not the parties agree, as a matter of convenience,
to give the actual consideration an assumed value in money,
and insert that sum as the consideration in their contract?
In such a case there would be no variance. The cases are
abundant, that an agreement between the parties that certain
property shall be treated as and held to be cash in their
traffic, confers upon it that character. In *Gregory* v. *Mack*,
3 Hill., 382, it is said, that when parties have agreed on a
particular thing as a medium of payment, whether it be
lands, goods, or labor, and the agreement has been carried
into execution, it is the same thing in legal effect as though
the like sum had been paid in money." A note of hand
given for the value of land, goods, or labor is a familiar in-
stance of money due which may be recovered under the
money counts. In *Hall* v. *Hukins*, 41 Maine, 574, the
court say that the plaintiff may recover on the money counts,
if any thing has been received by the defendant as payment
in lieu of money, as notes, chattels or real estate. The same
is held in *Willie* v. *Green*, 2 N. Hamp., 333. *Clark* v. *Penney*,
6 Cow., 297. *Arms* v. *Ashley*, 4 Pick., 71. *Hall* v. *Ives*, 11
Conn., 470. *Clark* v. *Fairchild*, 22 Wend., 584. *Way* v.
*Wakefield*, 7 Verm., 223, 228. *Ainslie* v. *Wilson*, 7 Cow.,

662. *Hands* v. *Burton*, 9 East., 349. 1 Selw. N. P., 104. *Ames* v. *Le Rue*, 2 McLean, 216.

There is another view still which brings us to the same conclusion on this point. We should, were it necessary, hold that the parties to a good and valid contract, having agreed to insert as the consideration a specific sum of money, whether one dollar or one hundred dollars, ought not in an action on the contract to be allowed to deny the fact or validity of such a consideration as is thus expressed; for it was made to assume that form in order to bind the parties effectually, and after this it would be equally unjust and unprecedented to allow them to deny or rescind the agreement without mutual consent.

A further question has been made, whether the plaintiff is entitled to recover the costs to which he has been subjected in the two suits of Sherwood against him. We think he is not. Most of these costs have accrued since the commencement of the present suit, and nothing is said about any costs at all in the plaintiff's declaration. Nor is the contract of the defendant a guaranty against costs, but it is an absolute undertaking, and when broken the plaintiff could at once have paid the debts and prevented the bringing of suits.

Our advice is that if the plaintiff will release these costs he shall retain the verdict for the balance, but that otherwise there would be a new trial.

In this opinion the other judges concurred.

New trial advised *nisi.*