## THOMAS NEVINS against CHARLES H. GARDNER.

Actions on deeds and other specialties, *inter partes*, must be brought by, and in the name of a person who is a party to the instrument, and a third person, a stranger to the deed, cannot sue thereon. In the case of a simple contract, a promise made for the benefit of a third person is valid, and may be enforced by the promisee, if he has an interest in the subject matter of the promise.

*Isaac L. Miller*, for plaintiff and appellant.

*D. S. Riddle*, for defendant and respondent.

McADAM, J.—The plaintiff sued upon a promissory note in writing, made by the defendant, bearing date December 1, 1876, whereby the said defendant promised to pay to the order of the plaintiff the sum of $297.50, for value received.

The answer alleges that the note was given by the defendant for interest due upon a bond and mortgage owned by the plaintiff, upon certain property located on what is known as Orange Mountain, New Jersey. The defendant then sets up an agreement made between the plaintiff and defendant, whereby the defendant took the Orange Mountain property from the plaintiff, and gave him in exchange for it about eighty-eight unimproved Paterson lots. It alleges, that each property was heavily mortgaged, and that the defendant was to assume and pay the mortgage and interest upon the Orange Mountain property, while the plaintiff was to assume and pay the mortgages and interest upon the Paterson lots. That the note in suit was given for interest due upon the Orange Mountain property, and the defendant claims that in consequence of the plain-

tiff's failure to pay the interest upon the Paterson lots, amounting to about $400, for which the defendant remains liable on his bond, the consideration for the plaintiff's note failed, and that the defendant should be relieved from paying it, upon that ground or that the unpaid interest on the Paterson mortgages ought to be regarded as a counter-claim against the same.

The answer also alleges that the defendant executed the conveyance of the Paterson lots to one Thomas Skelly as grantee, at the request and for the benefit of the plaintiff, and that he delivered the same to the latter, who then and there assured the defendant that the said mortgages and interest on said Paterson lots would be taken care of and paid when it became due, and that such assurance and promise constituted part of the transaction of said exchange and part of the consideration therefor.

Upon the conclusion of the trial, the judge charged the jury as follows : " I don't think it necessary to say a single word to you upon this case. The facts are before you, and you will pass upon them accordingly."

The facts proved by the defendant upon the trial constituted no defense whatever to the note sued upon, and yet the trial judge virtually told the jury they might decide the controversy any way they thought proper.

Certain requests to charge made by the defendant were delivered as requested, while certain other requests, made by the plaintiff, were each of them denied.

The charge made at the defendant's request was erroneous, while the refusal to charge as requested by the plaintiff was also erroneous. The defendant's requests were improper, and the plaintiff's correct. The facts, as proved upon the trial, sufficiently demonstrate these conclusions, without requiring more specific reference or reasons. The jury found for the defendant, and a motion made by the plaintiff for a new trial was denied, and from the judgment entered on the verdict,

and the order denying the motion for a new trial, the plaintiff appeals.

Upon the trial, the contract for the exchange was offered in evidence. It was in writing, under seal, executed by Thomas Skelly of the first part, and Charles H. Gardner (the defendant) of the second part.

The plaintiff is not a party to it. The deeds called for by the contract were not executed by or to the plaintiff. He was not a party to either of them. Skelly conveyed the Orange Mountain property to the defendant, and the defendant conveyed the Paterson lots to Skelly. The defendant by the contract assumed the mortgage on the Orange Mountain property, while Skelly assumed the mortgages on the Paterson lots. The contract and deeds being in writing, under seal, and the plaintiff, being a stranger to them, cannot be made a party to them now for the purpose of making the covenants or obligations of Skelly, the party of the first part, those of the plaintiff instead.

Chitty says: "In case of *deeds* and other *specialties, inter partes*, it is clear that in general the action must be brought by and in the name of a person who is a party to the instrument; and that a third person, a stranger to the deed, cannot sue thereon (*Chitty on Contracts*, 11 Am. ed. 77). A person, who is not a party to a deed, cannot take anything by it, unless it be by way of remainder. The grantor cannot covenant with a stranger to the deed. This is an acknowledged rule of law (Hornback v. Westbrook, 9 *Johns.* 75).

In Stover v. Gordon, 3 *M. & S.* 322, Lord ELLENBOROUGH, Ch. J., said: "Where there is such a deed, as is technically called a deed *inter partes*, that is, a deed importing to be between the persons who are named in it, as executing the same, and not as some deeds are, general to 'all people,' the immediate operation of the deed is to be confined to those persons who are parties to it; no stranger to it can take under it, except

by way of remainder, nor can any stranger sue upon the covenants it contains." In a simple contract, a promise made for the benefit of a third person is valid, and may be enforced by the promisee by action, if he has an interest in the subject matter of the promise ; but where the *contract is under seal* and *inter partes*, no one but a party to the instrument can maintain an action for breach of it (Spencer *v.* Field, 10 *Wend.* 88). The same principle was applied to the sale of real estate (Townsend *v.* Hubbard, 4 *Hill*, 351). It is clear that the plaintiff could not, under the circumstances, have sued the defendant for not performing his contract or covenants with Skelly, even if Skelly had been his agent (cases before cited ; Union India Rubber Co. *v.* Tomlinson, 1 *E. D. Smith*, 364 ; Clarke's Lessee *v.* Courtney, 5 *Pet.* 319 ; Briggs *v.* Partridge, 64 *N. Y.* 364 ; Dean *v.* Raesler, 1 *Hilt.* 420), and the converse of this proposition is equally true, *i. e.*, that the defendant could maintain no action against the plaintiff, under the circumstances, even if Skelly had been his agent. The general rule is declared by SHAW, Ch. J., in Huntington *v.* Knox (7 *Cush.* 374): "Where a contract is made by deed under seal, on technical grounds, no one but a party to the deed is liable to be sued upon it, and, therefore, if made by an attorney or agent, it must be in the name of the principal, in order that he may be a party, because otherwise he is not bound by it."

In Dean *v.* Raesler (1 *Hilt.* 420, *supra*), it was held that a sealed instrument or lease, signed by an agent in his own name, describing himself as "agent" of the owner of the premises, does not bind the owner, and that a special agreement under seal, executed by an agent, must appear on its face, to be the contract of the principal, or the principal will not be bound.

Briggs *v.* Partridge (64 *N. Y.* 357, *supra*) is a direct authority against the right of the defendant to make

the plaintiff a party to Skelly's contract, deeds or covenants.

The common pleas held in The Union India Rubber Co. v. Tomlinson (1 *E. D. Smith*, 364, *supra*) that if the instrument be under seal, and the obligee be named therein, its terms are conclusive, and that it will be presumed that the obligor intended to render himself liable to no other person.

Applying these rules to the present case it is clear that Skelly is the only one answerable to the defendant for the covenants contained in the contract or deeds executed between them, and that any promise by the plaintiff to be answerable for the default or miscarriage in any of the covenants upon the part of Skelly, was a promise to answer for the debt, default or miscarriage of another primarily liable and was in its nature collateral, and therefore void, not being contained in a writing signed by the plaintiff as the party, to be charged (3 *R. S.* 5 ed. p. 221, § 2; Mallory *v.* Gillett, 21 *N. Y.* 413; Pfeiffer *v.* Adler, 37 *Id.* 164; Brown *v.* Weber, 38 *Id.* 187; Duffy *v.* Wunsch, 42 *Id.* 243). A good consideration alone will not suffice, the statute requires that the promise shall be in writing (*Ib.*). The only writing subscribed by the plaintiff is a limited guaranty exacted by the defendant that there were no judgments against Skelly. *Expressum facit cessare tacitum.* The defendant gave the note in suit, to the plaintiff in payment of interest upon the mortgage he held, upon the Orange Mountain property. The defendant in the contract with Skelly assumed and agreed to pay the mortgage and interest. The defendant discharged the obligation *pro tanto* when he gave the note. It was a valid obligation in the hands of the plaintiff, and it ought to have been paid. There was no legal defense to it, and the trial justice, instead of allowing the jury to render any verdict they pleased, ought to have told the jury that there was no defense, and ought to have

directed a verdict for the plaintiff.   Another suggestive
feature in the case is that the defendant was not legally
damnified by the breach complained of.   He paid
nothing, and the fear that he might subsequently be
called upon to pay $400 interest upon the mortgage
covering the Paterson lots, gave him no cause of action
on which he might  maintain suit against any one, not
even Skelly.   Skelly merely assumed the mortgage.
This in its most liberal construction to the defendant
must be regarded as an agreement to indemnify and
save harmless the defendant from the mortgage in ques-
tion, rather than an agreement to pay at any particular
time.   The word " payment " is not used, nor is any
time of payment specified.   Treating it, therefore,
merely as an agreement to indemnify and save harmless,
and not as an absolute agreement to pay at a specified
time, the defendant was bound to prove actual damage,
and consequently *non damnificatus* is a good answer
and plea (Redfield v. Haight, 27 *Conn.* 31).   The rule
in such case is that the actual loss must precede or
create the right of action.   This was early held by Lord
MANSFIELD, in regard to a surety in a bond; "till
damnified," said his Lordship, which he could not
be till he had been called upon and had paid, he
could not bring an action (Taylor v. Mills, *Cowp.*
525; and see Paul v. Jones, 1 *T. R.* 597; Powell
v. Smith, 8 *Johns.* 249 ; Rodman v. Hedden, 10 *Wend.*
498).

The theory strongly urged by the respondent (the
defendant) on the argument, and in his printed points,
that the agreement proved was a *tripartite* contract,
in writing as between Skelly and the defendant, and
oral as between the plaintiff and defendant, is without
legal force or merit, for the reasons which have been
stated.

. The case was not tried according to any of the rules
laid down in the cases cited.

It follows, therefore, that the judgment and order appealed from must be reversed, and a new trial ordered, with costs to abide the event.

ALKER and SHERIDAN, JJ., concurred.

No further appeal was taken. See 7 *Abb. N. C.* 1; 8 *Id.* 213; 7 *Reporter*, 408.